UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------X
SINOWA JOHNSON,

                              Plaintiff,

      -against-

NJ TRANSIT BUS OPERATIONS INC. d/b/a NJ
TRANSIT and ATU LOCAL 880,

                           Defendants.
------------------------------------------------------------------X

Case No.: 1:25-cv-02528

**COMPLAINT**

        The Plaintiff, Sinowa Johnson (hereinafter "Plaintiff" or "Johnson"), by and through his attorneys, Sage Legal LLC, alleges and states as follows:

### PRELIMINARY STATEMENT & NATURE OF THE ACTION

1.     The Plaintiff brings this action against NJ Transit Bus Operations Inc. d/b/a NJ Transit (hereinafter the "Employer") and ATU Local 880 (hereinafter "Local 880" or the "Union") (the Employer and the Union collectively hereinafter the "Defendants") for violations of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185, *et seq.*), the National Labor Relations Act ("NLRA") (29 U.S.C. 151, *et seq.*), and the Employer-Employee Relations Act ("EERA") (N.J.S.A. § 34:13A-1, *et seq.*).

2.     This is an action seeking damages: against Defendants for retaliation against the Plaintiff for exercising her statutory rights under the NLRA as well as the EERA and against the Union for breach of contract arising out of its failure to meet its duty of fair representation required by the collective bargaining agreement ("CBA") and under the law.

### PARTIES

3.     Plaintiff is a citizen of the State of New Jersey, currently residing in the County of Camden within the State of New Jersey.

4. Plaintiff was an employee of the Employer, as defined by the NLRA, EERA, and LMRA, as she worked for the Employer at all relevant times from in or about August 2022 through May 2024.

5. The Employer is a New Jersey municipal entity with its corporate headquarters in New Jersey.

6. The Employer maintains offices and does business in New Jersey.

7. The Employer is an employer as defined by the NLRA, EERA, and LMRA.

8. Local 880 is a labor organization within the meaning of the New Jersey law and the LMRA whose office is located in New Jersey.

9. Local 880 is the duly recognized bargaining agent of employees, including the Plaintiff, within the bargaining unit defined by the applicable CBA between the Employer and Local 880.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the NLRA and LMRA.

11. This Court has supplemental jurisdiction over Plaintiff's related claims arising under the EERA pursuant to 28 U.S.C. § 1367(a) because they are based on a common nucleus of operative facts.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices were committed in the District of New Jersey.

13. Plaintiff complained to her Local 880 representative to file a grievance arising out of her termination (as detailed further *infra*) in or about May 2024.

14. On October 8, 2023, Plaintiff was notified by Local 880 that they dropped her case.

## FACTS

15. For nearly two (2) years, Plaintiff dedicated herself tirelessly to the performance of her duties as an operator for the benefit of the Employer, and as a dues-paying member of Local 880.

16. Throughout her tenure at the Employer, Plaintiff obtained exemplary performance reviews and has a virtually unblemished record of employment, rendering her qualified for her position.

17. Plaintiff was a dues-paying member of the subject bargaining unit of the CBA.

18. According to the CBA, employees may not be discharged except for just cause.

19. In or about May 1, 2024, the Employer sought to unjustly suspend Plaintiff for ten (10) days without pay.

20. When the Employer sought a meeting with Plaintiff concerning this adverse employment action, she sought union representation.

21. Rather than permit her to do so, the Employer confronted Plaintiff in the corridor, screamed in her face, and threatened her termination, stating: "Come into my office right now, you don't even have a run, I will get you discharged."

22. Plaintiff formally reported her concerns to the Union President, Vice President, and Manager, seeking intervention and a fair resolution regarding the unfair labor practices and retaliatory actions she had experienced.

23. Instead of resolving the matter appropriately, Plaintiff was officially terminated on May 1, 2024, shortly after she sought assistance from the Union and complained about the Employer's conduct.

24. To add insult to injury, Local 880 altogether failed to take any action to grieve Plaintiff's termination, despite repeated requests that the Union do so.

25. As discussed above, on October 8, 2023, the Union abruptly dropped Plaintiff's grievance and failed to fairly represent her as is required by the CBA and under the law.

## COUNT ONE

## Breach of Contract & Duty of Fair Representation in Violation of LMRA § 301

### (against All Defendants)

26. Plaintiff hereby repeats and realleges paragraphs 1 through 22 of the Complaint as if more fully set forth herein.

27. The Employer and the Union acted in violation of the CBA by terminating Plaintiff without just cause.

28. Local 880 acted in an arbitrary and capricious manner and in bad faith without regard to the duty of fair representation owed to Plaintiff regarding Plaintiff's termination by the Employer.

29. As a result of the Defendants' respective breaches, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT TWO

**Violation of the Employer-Employee Relations Act (N.J.S.A. § 34:13A-1, *et seq.*)**

**(against All Defendants)**

30. Plaintiff hereby repeats and realleges paragraphs 1 through 26 of the Complaint as if more fully set forth herein.

31. Plaintiff engaged in protected activity when she requested the right to have her union representative present.

32. The Employer knew that Plaintiff engaged in protected activity.

33. The Employer terminated Plaintiff due to her request.

34. Based on the close temporal proximity between Plaintiff's protected activity and her termination, the termination occurred under circumstances giving rise to retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory prejudgment and post-judgment interest;

C. Award to Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Jamaica, New York
      April 8, 2025                       Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                        _/s/ Emanuel Kataev, Esq._
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327
                                        (718) 412-2421 (office)
                                        (917) 807-7819 (cellular)
                                        (718) 489-4155 (facsimile)
                                        emanuel@sagelegal.nyc

                                        _Attorneys for Plaintiff_