COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Defendant ATU Local 880*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| SINOWA JOHNSON, | Case No.: 1:25-cv-02528 |
| Plaintiff, | |
| v. | **ANSWER** |
| NJ TRANSIT BUS OPERATIONS, INC. d/b/a NJ TRANSIT and ATU LOCAL 880, | |
| Defendants. | |

Defendant, ATU Local 880 hereinafter referred to in the Complaint and this Answer as "Local 880", by and through their attorneys, Cohen, Leder, Montalbano & Connaughton, LLC, hereby answers Plaintiff's Complaint as follows:

1. As paragraph 1 provides only a preliminary statement and nature of the action, no responsive pleading is required by this Defendant Local 880, but should an answer be required, Local 880 enters a denial.

2. As the statement set forth in paragraph 2 is introductory, no responsive pleading is required by this Defendant Local 880, but should an answer be required, Local 880 enters a denial.

3. Defendant Local 880 is without sufficient knowledge and belief and accordingly denies paragraph 3 of Plaintiff's Complaint.

4. Defendant Local 880 denies paragraph 4 of Plaintiff's Complaint.

5. Defendant Local 880 denies paragraph 5 of Plaintiff's Complaint.

6. Admitted.

7. Defendant Local 880 denies paragraph 7 of Plaintiff's Complaint.

8. Defendant Local 880 is without sufficient knowledge and belief and accordingly denies paragraph 8 of Plaintiff's Complaint but admits that it is a labor organization within the meaning of New Jersey law.

9. Admitted.

10. Defendant Local 880 denies paragraph 10 of Plaintiff's Complaint.

11. Defendant Local 880 denies paragraph 11 of Plaintiff's Complaint.

12. Defendant Local 880 denies paragraph 12 of Plaintiff's Complaint.

13. Admitted and states that grievances were accepted, filed and processed through the Third Step of the Grievance provision.

14. Defendant Local 880 admits that it notified Plaintiff that the matter would not be proceeding to arbitration, but denies it occurred on October 8, 2023.

15. Defendant Local 880 admits that Plaintiff was a member of Local 880 and paid dues but deny all other allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant Local 880 denies paragraph 16 of Plaintiff's Complaint.

17. Admitted.

18. Defendant Local 880 denies the allegations set forth in paragraph 18 of Plaintiff's Complaint but admits that the contract provides for a provision that employees cannot be discharged without proper cause.

19. Defendant Local 880 is without sufficient knowledge and belief and accordingly denies paragraph 19 of Plaintiff's Complaint but admits that on or about May 1, 2024, the Employer, New Jersey Transit, suspended Plaintiff, due to excessive attendance, which pursuant to contract requirements provides for a suspension without pay.

20. Admitted, but only after Plaintiff engaged in further misconduct.

21. Defendant Local 880 is without sufficient knowledge and belief and accordingly denies paragraph 21 of Plaintiff's Complaint.

22. Defendant Local 880 is without sufficient knowledge and belief and accordingly denies paragraph 22 of Plaintiff's Complaint but admits that Plaintiff did notify Union officials.

23. Defendant Local 880 denies paragraph 23 of Plaintiff's Complaint, but admits that Plaintiff, in the presence of Union representation, was discharged by her employer, Defendant Employer.

24. Defendant Local 880 denies paragraph 24 of Plaintiff's Complaint.

25. Defendant Local 880 denies paragraph 25 of Plaintiff's Complaint but admits that Plaintiff failed to comply with the requirements to allow for the grievance to proceed to arbitration and the Defendant Local 880 exercised its discretion to cease further processing of the grievances.

## COUNT ONE

26. Defendant hereby repeats and realleges its responsive pleadings to paragraphs 1 through 25 of Defendant Local 880's answers.

27. Defendant Local 880 denies paragraph 27 of Plaintiff's Complaint.

28. Defendant Local 880 denies paragraph 28 of Plaintiff's Complaint.

29. Defendant Local 880 denies paragraph 29 of Plaintiff's Complaint and further states that Defendant Employer ordered Plaintiff to return to work and Plaintiff refused and thereby effectuated her termination from employment.

## COUNT TWO

30. Defendant Local 880 hereby repeats and realleges its responsive pleadings to paragraphs 1 through 29 of Defendant Local 880's answers.

31. Defendant Local 880 denies the allegations set forth in paragraph 31 of Plaintiff's Complaint, but states that any employee that requests Union representation when faced with a disciplinary interview is engaged in protected activity.

32. Defendant Local 880 states this allegation is against the Co-Defendant Employer and not Defendant Local 880 and no responsive pleading is required.

33. Defendant Local 880 denies paragraph 33 of Plaintiff's Complaint.

34. Defendant Local 880 denies paragraph 34 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint should be dismissed as Plaintiff fails to state a claim for which relief can be granted.

2. The Court is without jurisdiction to adjudicate all of the alleged allegations and counts and is unable to effectuate any judgment or remedy other than that of a dismissal.

3. Plaintiff waived her rights under the grievance provision and Union rules to proceed to arbitration.

4. Plaintiff, after receiving and refusing an order to return to work, effectuated a voluntary quit from her employment.

5. Plaintiff, upon failure to return to work as ordered by Defendant Employer, extinguished any lawful or equitable right or claim for back wages and benefits.

6. Defendant Local 880 acted within the discretion provided by law to terminate further processing of the two (2) discharge grievances.

7. The Complaint was untimely filed.

WHEREFORE, Defendant Local 880 demands that the Complaint, as to all allegations against Local 880 be dismissed, with Judgment entered for Local 880 and against Plaintiff, with prejudice, and with its cost and attorney fees awarded to Defendant Local 880.

COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
Attorney for Defendant, ATU Local 880

By: _____
Paul A. Montalbano

Dated: 5/19/2025

5

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

    I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                        COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
                        Attorney for Defendant, ATU Local 880

                        By: _____
                              Paul A. Montalbano

Dated: 5/19/2025