| | |
|---|---|
| SINOWA JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880,<br><br>   Defendants. | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>Hon. Karen M. Williams, U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>Civil Action No. 1:25-02528 (KMW/EAP)<br><br>Motion Date: July 7, 2025<br><br>**(Electronically Filed)** |

**BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT ON BEHALF OF DEFENDANT, NJ TRANSIT BUS OPERATIONS INC. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND LACK OF SUBJECT MATTER JURISDICTION**

 

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
dsanchez@cmlawfirm.com
tanderson@cmlawfirm.com
Attorneys for Defendant,
   *NJ Transit Bus Operations Inc.*

Douglas V. Sanchez, Esq.
   Of Counsel

Travis M. Anderson, Esq.
   On the Brief

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

PROCEDURAL HISTORY ............................................................................................... 2

STANDARD OF REVIEW ........................................................................................... 2-4

ARGUMENT ........................................................................................................................

    POINT I

        COUNT ONE OF PLAINTIFF'S COMPLAINT ALLEGING VIOLATIONS OF THE LMRA MUST BE DISMISSED BECAUSE NJT IS A POLITICAL SUBDIVISION OF THE STATE OF NEW JERSEY AND THEREFORE NOT AN "EMPLOYER" FOR PURPOSES OF THE ACT ........................................................... 4

    POINT II

        COUNT TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE PERC HAS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S UNFAIR PRACTICE CHARGES UNDER THE EERA ........................................................................................... 6

CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ..................................................................................................... 3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................. 3,4

City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.,
  908 F.3d 872 (3d Cir. 2018) .................................................................................. 3,4

Crilly v. Southeastern Pennsylvania Transportation Authority,
  529 F.2d (3d Cir. 1976) ......................................................................................... 5

Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30,
  (3d Cir. 200) .......................................................................................................... 6

Felice v. Sever,
  985 F.2d 1221 (3d Cir. 1993) ................................................................................ 5

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009) .................................................................................. 4

Galloway Twp. Bd. of Educ. v. Galloway Twp. Ass'n of Educ. Secretaries,
  393 A.2d 207 (1978) ............................................................................................. 6

Gould Electronics Inc. v. United States,
  220 F.3d 169 (3d Cir. 2000) .................................................................................. 3

Hackensack v. Winner,
  410 A.2d 1146 (N.J. 1980) .................................................................................... 6

Horton v. United States,
  144 Fed. Appx. 931 (3d Cir. 2005) ....................................................................... 3

In re Burlington Coat Factory Sec. Litig.,
  114 F.3d 1410 (3d Cir. 1997) ................................................................................ 3

Jones v. City of Atlantic City, et al.,
  2007 WL 4545898 (D.N.J. 2007) .......................................................................... 5

Karns v. Shanahan, et al.,
  879 F.3d 504 (3d Cir. 2018) .................................................................................. 5

Local 54 Patrolman's Benevolent Association v. Fontoura,
  No. 06–6278, 2007 WL 4165158, (D.N.J. Nov.19, 2007) .................................... 7

Malleus v. George,
  641 F.3d 560 (3d Cir. 2009) .............................................................................. 3,4

Martinez v. United States Post Office,
  875 F. Supp. 1067 (D.N.J. 1995) ........................................................................ 2,3

McTernan v. City of York,

577 F.3d 521 (3d Cir. 2009) ............................................................................................. 3

Mortensen v. First Fed. Sav. Loan Ass'n,
 549 F.2d 884 (3d Cir. 1977) ........................................................................................... 2

NLRB v. Nat. Gas Util. Dist.,
 402 U.S. 600 (1970) ....................................................................................................... 5

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
 998 F.2d 1192 (3d Cir. 1993) ......................................................................................... 3

Pue v. New Jersey Transit Corp.,
 22-2616, 2023 WL 2930298 (3d Cir. Apr. 13, 2023) ..................................................... 5

Williamson v. Tucker,
 645 F.2d 404 (5th Cir. 1981) .......................................................................................... 3

Woodstown-Pilesgrove Reg'l School Dist. Bd. of Ed.,
 164 N.J. Super. 106, 108, 395 A.2d (App. Div. 1978), aff'd 81 N.J. 582, 410 A.2d (1980) ............ 7

**Statutes**

§ 27.25-4 ............................................................................................................................ 6

§§ 5.4(a) and (b) ................................................................................................................. 7

29 U.S.C. § 152(2) ............................................................................................................. 5

29 U.S.C. § 152(3) ............................................................................................................. 4

29 U.S.C. § 142(3) ............................................................................................................. 4

29 U.S.C. § 185.................................................................................................................. 1

N.J.S.A. 27:25-4(a) ............................................................................................................ 5

N.J.S.A. § 34:13A-1............................................................................................................ 2

N.J. Stat. Ann. §§ 34:13A-1 ............................................................................................... 6

N.J. Stat. Ann. § 34:13A–5.2 ............................................................................................. 6

N.J.S.A. 34:13A-5.4(a)(1) and (3) ..................................................................................... 7

N.J.S.A 34:13-5.4(c) .......................................................................................................... 7

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 1,8

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1,8

## PRELIMINARY STATEMENT

In his Complaint, Plaintiff, Sinowa Johnson ("Plaintiff"), asserts federal and state law causes of action against his former employer, Defendant New Jersey Transit Corporation[1] ("Defendant" or "NJT") and the Amalgamated Transit Union Local 880 ("ATU Local 880") (collectively "Defendants") alleging, *inter alia*, that Defendants breached the terms of the Collective Bargaining Agreement between the ATU and NJ Transit ("CBA") and a duty of fair representation in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. (Count One); and violation of the Employer Employee Relations Act, N.J.S.A. § 34:13A-1, et seq. (Count Two). (A copy of the Complaint is attached to the Certification of Travis M. Anderson ("Anderson Cert.") at Exhibit A).

NJT now moves to dismiss the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1). First, Plaintiff cannot bring claims against NJT under the LMRA because it is a political subdivision and therefore not an "employer" as defined in the Act. As such, Count One of Plaintiff's Complaint, therefore must be dismissed as a matter of law. Likewise, Count Two of Plaintiff's Complaint asserts a claim of unfair labor practices under the EERA. The New Jersey Public Employment Commission ("PERC"), however, has ***exclusive jurisdiction over all labor matters*** including unfair labor practice charges. This Court, therefore, does not have jurisdiction over these claims and Count Two of Plaintiff's Complaint must be dismissed.

---

[1] Plaintiff names NJ Transit Bus Operations, Inc., which is a subsidiary of New Jersey Transit Corporation. For ease of reference, Defendant refers to itself as New Jersey Transit Corporation throughout.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff, Sinowa Johnson, is a former Bus Operator employed by NJT. See Anderson Cert, Exhibit A, at ¶ 15. As a Bus operator, Plaintiff was a member of ATU Local 880 and her employment was governed under the CBA. Id. at ¶¶ 15, 17. On or around May 1, 2024, Plaintiff was suspended for ten (10) days without pay. Id. at ¶ 19. Plaintiff requested representation from ATU Local 880 and was threatened with termination. Id. at ¶¶ 20-21. She contacted several executive members of ATU Local 880, including the President, Vice President and Manager, however they did not take any action. Id. at ¶¶ 22, 24.

That same day, Plaintiff was terminated from employment. Id. at ¶ 23. Plaintiff contends the termination was without cause in violation of the CBA and sought assistance from ATU Local 880 in connection with the charges. Id. at ¶¶ 19, 23. On October 8, 2024, ATU Local 880 ceased Plaintiff's grievance against NJ Transit in connection with the termination.[3] Id. at ¶ 25. Plaintiff filed the instant lawsuit on April 8, 2025. See ECF No. 1.

## STANDARD OF REVIEW

### 1.     12(b)(1) Standard

Defendant NJT moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the Court need not presume that Plaintiff's allegations are true. Mortensen v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Martinez v. United States Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

---

[2] Given that this is a motion to dismiss on the pleadings, Defendant is required to state the facts as alleged in the Complaint, and the Court must accept the factual allegations of the Complaint (but not any conclusory statements unsupported by facts) in the light most favorable to Plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). By setting forth the facts below for purposes of this motion, Defendant does not concede the truth of those allegations, many of which Defendant would take issue with, if the claims against Defendant are not dismissed.

[3] Plaintiff's Complaint alleges that the grievance was dropped on October 8, 2023, however this is most likely a typographic error because Plaintiff was allegedly terminated on May 1, 2024.

"Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determines jurisdiction. Martinez, 875 F. Supp. at 1070 (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)); see also Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000). Plaintiff, as the party who invoked federal jurisdiction, has the burden of establishing that the Court has subject matter jurisdiction. See, e.g., Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. 2005); Martinez, 875 F. Supp. at 1071.

    2.    **Rule 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id. To that end, a district court must disregard all "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878-79 (3d Cir. 2018). At this procedural juncture, the court may consider the complaint, exhibits attached to the complaint, matters of public record, and prior judicial decisions. McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

    Under the Iqbal and Twombly pleading regime, a district court must undertake a three-prong analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Id. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the

assumption of truth." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Third, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." Malleus, 641 F.3d at 563; see also City of Cambridge, 908 F.3d at 878 (finding that a district court must accept "all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff"). This finding requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

## LEGAL ARGUMENT

### POINT I

**COUNT ONE OF PLAINTIFF'S COMPLAINT ALLEGING VIOLATIONS OF THE LMRA MUST BE DISMISSED BECAUSE NJT IS A POLITICAL SUBDIVISION OF THE STATE OF NEW JERSEY AND THEREFORE NOT AN "EMPLOYER" FOR PURPOSES OF THE ACT.**

In the first count of the Complaint, Plaintiff asserts claims of under the LMRA against NJT on grounds that it breached the collective bargaining agreement between Local ATU and NJT when she was terminated from employment. See Anderson Cert., Exhibit A, at ¶¶ 27-29. These claims fall under Section 301 of the LMRA. Plaintiff, however, cannot bring claims against NJT pursuant to the LMRA or the NLRA because NJT is not an "employer" under these Acts.

Indeed, Section 501(3) of the LMRA refers to the definitions of "employee" and "employer" set forth in Section 2 of the NLRA. See 29 U.S.C. § 142(3). Under Section 2 of the NLRA, the term employee" shall mean "any employee . . . but shall not include any individual employed . . . by any other person who is not an employer as herein defined." 29 U.S.C. § 152(3).

The term "Employer" is defined as "any person acting as an agent of an employer . . . but shall not include . . . ***any State or political subdivision thereof***." 29 U.S.C. § 152(2) (emphasis added); see Crilly v. Southeastern Pennsylvania Transportation Authority, 529 F.2d 1355 (3d Cir. 1976) (holding SEPTA to be a "political subdivision" and therefore not an employer within the meaning of § 152(2)); see also Jones v. City of Atlantic City, et al., 2007 WL 4545898, *2 (D.N.J. 2007); Felice v. Sever, 985 F.2d 1221, 1226-27 (3d Cir. 1993) ("We have previously held that the term 'employer' . . . excludes 'any State or political subdivision thereof,' and therefore the federal courts lack subject matter jurisdiction over a duty of fair representation claim brought by an employee of such an entity.") (citations omitted). An entity constitutes a "political subdivision if it was 'either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.'" Crilly, 529 F.2d at 1358 (quoting NLRB v. Nat. Gas Util. Dist., 402 U.S. 600, 604-05 (1970)). The *Natural Gas* test significantly and substantively overlaps with the "arm of the State" test for determining Eleventh Amendment immunity.[4]

Here, the Third Circuit held that NJT is an arm of the State of New Jersey and a "political subdivision." See Karns v. Shanahan, et al., 879 F.3d 504, 519 (3d Cir. 2018) (holding that NJT is an arm of the State of NJ for purposes of the 11th Amendment); Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023) (holding that NJ Transit is exempt from the LMRA because it is a "political subdivision.") (A copy of the opinion is attached hereto as Exhibit B to the Certification of Travis M. Anderson, Esq.). To be sure, under N.J.S.A. 27:25-4(a), NJ Transit is "established in the Executive Branch of the State Government . . . [,] allocated within

---

[4] The test to determine whether an entity is an "arm of the state" for Eleventh Amendment purposes includes: (1) whether the payment of a judgment would come from the state (State treasury factor); (2) what status the entity has under state law (State law factor); and (3) what degree of autonomy the entity has (Autonomy factor). See Karns v. Shanahan, et al., 879 F.3d 504, 519 (3d Cir. 2018).

the Department of Transportation" and "an instrumentality of the State exercising public and essential governmental functions, and the exercise by the corporation of the powers conferred by this act shall be deemed and held to be an essential governmental function of the State." NJT is also governed by a board composed of members including the Commissioner of Transportation, the State Treasurer, a member of the Executive Branch selected by the Governor, and additional public members appointed by the Governor. Id. at § 27.25-4(b) to (f). For these reasons, this Court should find that NJT is a political subdivision of the State for LMRA purposes. As such, any LMRA claim in Plaintiff's Complaint raised against NJT for breach of the CBA are not cognizable and Count One of the Complaint must be dismissed for failure to state a claim.

## POINT II

**COUNT TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE PERC HAS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S UNFAIR PRACTICE CHARGES UNDER THE EERA.**

The Legislature established the EERA as a comprehensive statutory and regulatory scheme to govern **all** labor and personnel matters for public employees. See N.J. Stat. Ann. §§ 34:13A-1 et seq. The Act empowered PERC to make policy and establish rules and regulations concerning employer-employee relations in public employment. In 1974, the Act was amended and PERC was granted the exclusive power and jurisdiction to prevent and remedy unfair labor practices by both employers and labor organizations. N.J.S.A 34:13-5.4(c); see also Galloway Twp. Bd. of Educ. v. Galloway Twp. Ass'n of Educ. Secretaries, 393 A.2d 207, 210 (1978); Hackensack v. Winner, 410 A.2d 1146, 1167 (N.J. 1980) ("The Legislature has accorded PERC 'exclusive power' to deal with unfair employer practices."); Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30, (3d Cir. 200) ("Under N.J. Stat. Ann. § 34:13A–5.2, New Jersey's PERC has exclusive jurisdiction over all labor matters.") Section 5.4(c) of the Act grants PERC the adjudicatory power to prevent

unfair practices specified in §§ 5.4(a) and (b). In addition, "PERC has exclusive jurisdiction over collective bargaining agreements." Woodstown-Pilesgrove Reg'l School Dist. Bd. of Ed., 164 N.J. Super. 106, 108, 395 A.2d 884 (App. Div. 1978), aff'd 81 N.J. 582, 410 A.2d 1131 (1980).

In this instant matter, Plaintiff completely disregards PERC's exclusive jurisdiction regarding unfair labor practices by filing this matter in federal court. In Count Two of the Complaint, Plaintiff alleges that NJT terminated her because she exercised his right under the CBA to have a Union Representative present for a hearing. See Anderson Cert., Ex. A at ¶ 31. This claim falls squarely within the exclusive jurisdiction of PERC, specifically under N.J.S.A. 34:13A-5.4(a)(1) and (3) which provide that:

> a. Public employers, their representatives or agents are prohibited from:
>
> (1) Interfering with, restraining or coercing employees in the exercise of the rights guaranteed to them by this act.
>
> ***
>
> (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage employees in the exercise of the rights guaranteed to them by this act.

Plaintiff's Complaint, therefore, alleges an unfair labor practice against NJT, which falls under PERC's, as opposed to this Court's, exclusive jurisdiction, see N.J.S.A 34:13-5.4(c), and to find otherwise would impede on New Jersey's substantial interest in labor-management relations. See Local 54 Patrolman's Benevolent Association v. Fontoura, No. 06–6278, 2007 WL 4165158, at *4 (D.N.J. Nov.19, 2007) (recognizing the State's interest in using PERC to adjudicate labor disputes involving state law enforcement) (A copy of the opinion is attached to the Certification of Travis M. Anderson, Esq., as Exhibit C). Count Two of Plaintiff's Complaint, therefore, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, NJT respectfully requests that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction.

    Respectfully submitted,

    **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By:    */s/ Travis M. Anderson*
          Travis M. Anderson, Esq.

Dated: June 2, 2025