Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155 (facsimile)
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Sinowa Johnson*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SINOWA JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>NJ TRANSIT BUS OPERATIONS INC. d/b/a NJ TRANSIT and ATU LOCAL 880,<br><br>Defendants. | Case No.: 1:25-cv-2528 (KMW) (EAP)<br><br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>**PLAINTIFF'S PROPOSED**<br>**DISCOVERY PLAN** |

Plaintiff Sinowa Johnson ("Plaintiff") hereby submits her Proposed Discovery Plan. The parties met-and-conferred virtually on June 18, 2025 and the Defendants NJ Transit Bus Operations Inc. & ATU Local 880 ("Defendants") (together, the "Parties"), refused to coordinate the submission of a joint proposed discovery plan based on the ill-conceived notion that discovery should be stayed until a decision on their motion to dismiss is rendered despite the fact that Defendants did not seek a stay of discovery and the filing of a motion to dismiss, by itself, does not stay discovery. See Udeen v. Subaru of America, Inc., 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (holding that the mere filing of a motion to dismiss does not stay discovery) (citation omitted).

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff's Statement:

This is an action to recover damages for violations of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185, *et seq.*), the National Labor Relations Act ("NLRA") (29 U.S.C. 151, *et seq.*), and the Employer-Employee Relations Act ("EERA") (N.J.S.A. § 34:13A-1, *et seq.*).

Defendants violated the LMRA, NLRA, and the EERA. Specifically, Plaintiff was unlawfully suspended and subsequently terminated in retaliation for exercising her statutory right to union representation and for reporting unfair labor practices. These adverse employment actions occurred in direct response to Plaintiff's protected activities under federal and state labor laws. Additionally, Plaintiff was subjected to a hostile and intimidating work environment, including verbal harassment and public threats of discharge by her immediate supervisor. Her termination on May 1, 2024—shortly after seeking assistance from the Union—further evidences a pattern of retaliatory conduct in violation of the aforementioned statutes.

**Defendant's Statement**:

Defendants refused to coordinate the submission of a joint proposed discovery plan based on the ill-conceived notion that discovery should be stayed until a decision on their motion to dismiss is rendered despite the fact that Defendants did not seek a stay of discovery and the filing of a motion to dismiss, by itself, does not stay discovery. See Udeen v. Subaru of America, Inc., 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (holding that the mere filing of a motion to dismiss does not stay discovery) (citation omitted).

(a) Pursuant to L. Civ. R. 16.1(b)(1)(H), set forth whether an Affidavit of Merit has been served, or is required to be served, for any action asserting professional malpractice or

negligence and, if an affidavit of merit is required, the date by which it must be served.

Yes ☐ No ☒   If Yes, Date of Service N/A

(b) If an Affidavit of Merit has been served, state whether Defendant has any objections to the adequacy of the Affidavit

Yes ☐ No ☒

2. **Have settlement discussions taken place?** Yes ☒ No ☐

If so, when? June 18, 2025

a) What was plaintiff's last demand?

   1) Monetary demand:        $175,000.00

   2) Non-monetary demand:    Reinstatement & any other relief afforded by law

b) What was defendant's last offer?

   1) Monetary offer:    $0.00

   2) Non-monetary offer:  N/A

3. **The parties [have/ have not] met pursuant to Fed. R. Civ. P. 26(f):**

   The parties are required to confer no later than June 18, 2025, pursuant to their obligations under Rule 26(f) of the Federal Rules of Civil Procedure. The parties have done so.

4. **The parties [have/ have not] exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

   On June 2, 2025, ATU Local 880 served its Initial Disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure.

   Plaintiff proposes that the parties shall exchange disclosures no later than July 2, 2025.

5. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)**

Defendants refused to coordinate the submission of a joint proposed discovery plan based on the ill-conceived notion that discovery should be stayed until a decision on their motion to dismiss is rendered despite the fact that Defendants did not seek a stay of discovery and the filing of a motion to dismiss, by itself, does not stay discovery. See <u>Udeen v. Subaru of America, Inc.</u>, 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (holding that the mere filing of a motion to dismiss does not stay discovery) (citation omitted).

6. **The parties [have/ <u>have not</u>] filed disclosures of third party litigation funding. See L. Civ. R. 7.1.1.**

7. **The parties [have/ <u>have not</u>] conducted discovery other than the above disclosures. If so describe.**

8. **Proposed Joint Discovery Plan:**

    (a) Discovery is needed on the following subjects:

    (b) Discovery [should/<u>**should not be**</u>] conducted in phases or be limited to particular issues. Explain. <u>**N/A**</u>

    (c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures: **July 2, 2025**

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **June 25, 2025**

    (3) Service of initial written discovery: **July 17, 2025**

    (4) Maximum of **25** interrogatories by each party to each other party.

    (5) Maximum of **10** depositions to be taken by each party. **Defendants seek to limit to three (3) depositions; Plaintiff opposes.**

(6) Motions to amend or to add parties to be filed by **August 23, 2025**

(7) Factual discovery to be completed by **November 29, 2025**

(8) Expert reports, if any, due on **December 20, 2025**

(9) Rebuttal expert reports, if any, due on **January 31, 2026**

(10) Expert depositions to be completed by **February 27, 2026**

(11) Dispositive motions to be filed by **March 27, 2026**

(d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. Requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have not discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties will meet and confer before seeking intervention from the Court.

The Parties shall produce ESI in unitized, fixed image format (e.g., .pdf or .tif).

Plaintiff does not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or the Defendants determine, in good faith, that additional information is needed, the Parties shall discuss

the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or the Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order, as appropriate.

    The Parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. This Order is to be considered an order pursuant to Federal Rule of Evidence 502(d). The standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

    The Parties shall confer and then submit a jointly proposed protective order to the Court should one become necessary.

    **Electronic service:**

Pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly

(within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Sinowa Johnson | Emanuel Kataev, Esq. (emanuel@sagelegal.nyc) Victoria Trevor (vtrevor@consumerattorneys.com) |
| Defendant NJ Transit Bus Operations Inc. | Douglas V. Sanchez, Esq. (dsanchez@cmlawfirm.com) |
| Defendant ATU Local 880 | Paul A. Montalbano (montalbanoemail@yahoo.com) |

(e) A pretrial conference may take place on **May 15, 2026 or on such other date as the Court may set.** _____

(f) Trial date June 15, 2026 or on such other date as the Court may set _____ (Jury Trial; Non-Jury Trial)

9. **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?**

   Yes ☐   No ☒   If so, explain.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

    Yes ☐   No ☒

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

7

11. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

    Yes ☐   No ☒

12. **Do you anticipate any discovery problem(s) not listed above? Describe.**

    Yes ☐   No ☒

13. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) or mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

    Plaintiff respectfully submits that it is not.

14. **Is this case appropriate for bifurcation?**

    Yes ☐   No ☒

15. **An interim status/settlement conference (with clients in attendance) should be held as early as practicable, and this Court has the inherent power under Rule 16 to issue an Order to that effect.**

16. **We [do/<u>do not</u>] consent to the trial being conducted by a Magistrate Judge.**

17. **Identify any other issues to address at the Rule 16 Scheduling Conference.**

    N/A

8

Dated: June 18, 2025

| | |
|---|---|
| */s/ Emanuel Kataev, Esq.* <br> Emanuel Kataev, Esq. <br> SAGE LEGAL LLC <br> 18211 Jamaica Avenue <br> Jamaica, NY 11423-2327 <br> (718) 412-2421 (office) <br> (917) 807-7819 (cellular) <br> (718) 489-4155 (facsimile) <br> emanuel@sagelegal.nyc <br><br> *Attorneys for Plaintiff* <br> *Sinowa Johnson* | <mark>*refused to cooperate*</mark> <br> Douglas V. Sanchez, Esq. <br> CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON, & ZIMET, LLP <br> 50 Tice Boulevard, Suite 250 <br> Woodcliff Lake, New Jersey 07677 <br> T: (201) 474-7100 <br> F: (201) 474-7101 <br> E: dsanchez@cmlawfirm.com <br><br> *Attorneys for Defendant* <br> *NJ Transit Bus Operations Inc.* <br><br> <mark>*refused to cooperate*</mark> <br> Paul A. Montalbano <br> COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC <br> 669 River Drive, Suite 125 <br> Elmwood Park, New Jersey 07407 <br> T: (908) 298-8800 <br> E: montalbanoemail@yahoo.com <br><br> *Attorneys for Defendant* <br> *ATU Local 880* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2025, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*