

ATTORNEYS AT LAW
50 TICE BOULEVARD
SUITE 250
WOODCLIFF LAKE, NJ  07677

TELEPHONE  201-474-7100
FACSIMILE  201-474-7101
www.cmlawfirm.com

CALIFORNIA
FLORIDA
GEORGIA
INDIANA
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON

WRITER'S DIRECT ACCESS
201-474-7100
tanderson@cmlawfirm.com

June 19, 2025

**VIA ECF**
Hon. Elizabeth A. Pascal, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

    Re:    **S. Johnson v. New Jersey Transit Bus Operations, et al.**
               **Case No: 1:25-cv-02528 (KMW/EAP)**

Dear Judge Pascal,

    We represent New Jersey Transit Bus Operations, Inc. ("NJT") in the above-referenced matter.  We write to clarify the misrepresentations contained in Plaintiff's Proposed Discovery Plan, ECF No. 14-1, enter its objection to the Court entering Plaintiff's Proposed Scheduling Order, and request either a stay of discovery pending resolution of the pending Pre-Answer Motion to Dismiss, ECF No. 13, or leave to file a motion to stay discovery.

    On June 2, prior to the Fed. R. Civ. P. 26(f) conference in question, Defendant NJT filed a pre-answer motion to dismiss based on the grounds that Plaintiff's Complaint fails to state a claim upon which relief can be granted and that this Court lacks subject matter jurisdiction to hear Plaintiff's claims (the "Motion").  See ECF No. 13.[1]  Specifically, Plaintiff's claims under the Labor Management Relations Act, 29 U.S.C. § 185, et seq., fail because it is well-settled that Defendant NJT is a public entity and therefore not an "employer" as defined under the act.  See Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023) (holding that NJ Transit is exempt from the LMRA because it is a "political subdivision.").

    Similarly, this Court lacks subject matter jurisdiction over Plaintiff's unfair labor practices claims under the New Jersey Employer-Employee Relations Act ("EERA"), N.J.S.A. § 34:13A-1,

---

[1] Defendant NJT admits that it did not request a stay of discovery as it was under the impression that, pursuant to past practice in this Court and with other adversaries in similar matters, discovery would not be conducted until the Motion was decided.

4879-7888-0213, v. 1

et seq., because the Public Employee Relations Commission ("PERC") has exclusive jurisdiction over these claims. See N.J.S.A 34:13-5.4(c); N.J.S.A. 34:13A-5.4(a)(1) and (3). Plaintiff's opposition brief is currently due on June 23; however, Plaintiff requested an additional thirty (30) days to respond. In the spirit of cooperation, Defendant NJT agreed to the extension.

On June 18, 2025, at Plaintiff's request, the parties conferred pursuant to Fed. R. Civ. P. 26(f). Defendant NJT explained to Plaintiff that considering the pending Motion, its position is that discovery should not be conducted until after the Motion is decided. Co-Defendant ATU Local 880 offered to submit a discovery timeline that corresponded with the decision on the Motion to which Plaintiff refused. Defendant NJT explained its position and substantive arguments in the motion in the event that Plaintiff may want to consider the merits and voluntarily dismiss the claims and re-file in the proper venue, however Plaintiff was not interested. Therefore, it is true that the parties were unable to come to an agreement as to the discovery timeline, settlement or the issues in this case, however Plaintiff's statement that Defendants NJT and ATU Local 880 refused to cooperate is a mischaracterization of the events that took place and it objects to Plaintiff's Proposed Scheduling Order, ECF No. 14-1.

That being said, Defendant NJT submits that a stay of discovery pending resolution of the motion to dismiss is necessary in this case. Defendant NJT recognizes that the decision of whether to stay discovery lies within Your Honor's discretion. If a formal motion is necessary, please accept this letter as Defendant NJT's request for leave to file a motion to stay discovery.

A stay of discovery is appropriate because the case is in its early stages and presents no risk of prejudice to the Plaintiff. Based on Plaintiff's Complaint, she was terminated on October 8, 2024, and brought the instant Complaint six (6) months after her termination. There would be no damage to Plaintiff in this matter if the case is stayed until the resolution of the pending motion. To the Contrary, Defendant NJT would be forced to litigate claims that (1) are based on statutes that do not apply to Defendant NJT and (2) are subject to the exclusive jurisdiction of a New Jersey State Agency – PERC – pursuant to statute.

Additionally, where a dispositive motion is filed – such as here – the Courts consider additional factors including, (1) whether the pending motion "may result in a narrowing or outright elimination of discovery[,]" which generally favors granting a motion to stay, Weisman v. Mediq, Inc., No. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995), and (2) resolution of the pending motion would render discovery futile, see Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010). Here, Defendant NJT's arguments are rooted in established caselaw and legal principles. Should the motion to dismiss be granted, Plaintiff's claims under the LMRA would be dismissed entirely with prejudice and the claims under the EERA would be dismissed and, if Plaintiff chooses, re-filed with PERC which is the appropriate venue. Therefore, in addition to the fact that Plaintiff would not be prejudiced by a stay of discovery pending the motion, a stay of discovery pending resolution of the motion is warranted because resolution of the motion would both render discovery futile and result in the complete elimination of the matter from the federal docket.

We thank the Court for its time and attention to this matter.

                                          Respectfully submitted,

                                          **CRUSER, MITCHELL, NOVITZ,**
                                          **SANCHEZ, GASTON & ZIMET, LLP**

                                          /s/ *Travis M. Anderson*
                                          Travis M. Anderson, Esq.