COHEN, LEDER, MONTALBANO & CONNAUGHTON
A LIMITED LIABILITY COMPANY
COUNSELORS AT LAW

EDWARD A. COHEN (Retired)
BRUCE D. LEDER (Retired)

PAUL A. MONTALBANO
Paul.Montalbano@clmc-law.com

MATTHEW G. CONNAUGHTON*
Matthew.Connaughton@clmc-law.com

BRADY M. CONNAUGHTON*
Brady.Connaughton@clmc-law.com

*ALSO N.Y. BAR

RIVER DRIVE CENTER 2
669 RIVER DRIVE, SUITE 125
ELMWOOD PARK, NEW JERSEY 07407
(At Exit 61 Interstate 80)

Reply to:
❑ 43 MAIN STREET, SECOND FLOOR
AVON BY THE SEA, NEW JERSEY 07717

Phone: (908) 298-8800   Fax: (908) 298-9333
Administrative email
clmc.scheduling@clmc-law.com

Of Counsel:
ZAZZALI, P.C.

June 20, 2025

*via ecf*

The Honorable Elizabeth A. Pascal, Magistrate Judge
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

       Re: Sinowa Johnson v. NJ Transit Bus Operations, Inc. et al
          Docket No. 1:25-cv-0258-KMW-EAP

Dear Judge Pascal:

  This law firm serves as counsel to Defendant, ATU Local 880.

  Plaintiff's Counsel Emanuel Kataev, Esq., Travis Anderson, Counsel for Defendant NJ Transit Bus Operations, Inc., and myself on behalf of ATU Local 880 agreed to confer on Wednesday, June 18, 2025 to discuss a Joint Discovery Plan. Unfortunately, the parties were unable to reach agreement on the terms for a Joint Proposed Discovery Plan. The discussions were conducted by a web-based video program. Unfortunately, Plaintiff Counsel had not sent a draft copy of the proposed Plan prior to the start of the conference. The conference started with Plaintiff Counsel signing in while driving his car. As Plaintiff Counsel was presenting his proposed dates, both Defendant Counsel asked about receiving the proposed Plan document. This resulted with Plaintiff Counsel requesting his administrative assistant to send the proposed Plan document.

  The discussion proceeded with both Defendant Counsel raising the issue that the nature of the dispute concerns a public sector employer and a public sector labor organization, and thus there is a substantial issue that the Federal Court is without jurisdiction. Defendant, NJ Transit has responded to the Complaint with a Motion. Defendant, Local 880, while filing an Answer asserting the absence of jurisdiction, intends to request the Court to grant leave to file a Motion under Rule 12(c). In recognition of the current pending Motion and the anticipated Motion of Local 880,

Defendant Counsel suggested that the Joint Discovery Plan have dates based upon the date the Motions were decided. Plaintiff's Counsel insisted that Federal jurisdiction existed under 29 U.S.C. Section 301 (private sector collective bargaining agreements), and 29 U.S.C. Section 151 (the NLRA), these Code Sections addressing private sector collective bargaining.

Plaintiff Counsel insisted that firm dates be agreed to and thereafter Defendants could file a Motion to Stay the Plan. Plaintiff Counsel then ended the conference discussions. Plaintiff Counsel unilaterally filed a proposed Plan document.

I am enclosing Local 880's proposed terms of a Discovery Plan, which established the discovery dates of the various elements based upon the date of the Court's ruling on the subject matter jurisdiction issue. If there is no subject matter jurisdiction, there is no support for a Discovery Order.

Defendant Local 880 will be prepared to further discuss this matter with the Court at the July 11, 2025 conference.

Respectfully submitted,

Paul A. Montalbano

PAM:cs
enc.
cc Travis Anderson, Esq. (via ecf)
   Emanuel Kataev, Esq. (via ecf)