IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SINOWA JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>NJ TRANSIT BUS OPERATIONS INC.<br>d/b/a NJ TRANSIT and ATU LOCAL 880,<br><br>Defendants. | Case No.: 1:25-cv-02528-KMW-EAP<br><br>Honorable Magistrate Judge Elizabeth A. Pascal<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

Plaintiff Sinowa Johnson ("Plaintiff") and Defendants NJ Transit Bus Operations Inc. & ATU Local 880 ("Defendants") (together, the "Parties"), were unable to agree upon a Joint Proposed Discovery Plan.

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

Plaintiff's Statement:   {regular font]
This is an action to recover damages for violations of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185, *et seq.*), the National Labor Relations Act ("NLRA") (29 U.S.C. 151, *et seq.*), and the Employer-Employee Relations Act ("EERA") (N.J.S.A. § 34:13A-1, *et seq.*).

Defendants violated the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, et seq., the National Labor Relations Act (NLRA), 29 U.S.C. § 151, et seq., and the New Jersey Employer-Employee Relations Act (EERA), N.J.S.A. § 34:13A-1, et seq. Specifically, Plaintiff was unlawfully suspended and subsequently terminated in retaliation for exercising her statutory right to union representation and for reporting unfair labor practices. These adverse employment

1

actions occurred in direct response to Plaintiff's protected activities under federal and state labor laws. Additionally, Plaintiff was subjected to a hostile and intimidating work environment, including verbal harassment and public threats of discharge by her immediate supervisor. Her termination on May 1, 2024—shortly after seeking assistance from the Union—further evidences a pattern of retaliatory conduct in violation of the aforementioned statutes.

### Defendant's Local 880 Statement: {italic font}

*Local 880, Amalgamated Transit Union is a labor organization that represents only employees employed by New Jersey Transit Bus Operations, Inc., (herein "NJTBO") a subsidiary New Jersey Transit. New Jersey Transit and its several subsidiaries, are essential public entities created by the New Jersey Transportation Act of 1979, N.J.S.A. 27:25-1 et al. All employees of NJ Transit are recognized as public sector employees under the NJ Employer-Employee Relations Act, N.J.S.A. 34:13A-1 et. seq. and subject to the exclusive jurisdiction of NJ Public Employees Relations Commission.*

*Local 880 is a public employee Union "representative" within the meaning of N.J.S.A. 34:13A-5.1(c).*

*Local 880 is not a labor organization within the meaning of the National Labor Relations Act of 1935, 29 U.S.C. Section 152(5) and Plaintiff Johnson is not an employee within the meaning of 29 U.S.C. Section 152(3).*

*There is no federal subject matter jurisdiction.*

*This matter arises from Plaintiff Johnson's disciplinary discharge from her employment at NJTBO. Plaintiff Johnson, as a member of Defendant Local 880, filed a grievance. Local 880, in the course of representing Plaintiff Johnson, participated in the First, Second and Third Steps of the grievance procedure, and argued that NJTBO did not have proper cause for termination. NJTBO did not agree. The final step in the grievance procedure provides for arbitration. Not all*

*unresolved grievances proceed to arbitration. The initial decision to submit an resolved grievance to arbitration is rendered by the Union Executive Board, and subsequently the membership. Plaintiff Johnson, while invited to appear, failed to appear before the Union Executive Board and before the membership, and the grievance was declared to be closed.*

### Defendant New Jersey Transit Bus Operations, Inc.'s Statement   {bold font}

**New Jersey Transit Bus Operations, Inc. is a subsidiary of New Jersey Transit Corporation (hereinafter "NJT"). Defendant NJT is an arm of the State of New Jersey pursuant to N.J.S.A. § 27:25-4(a), and is responsible for providing public transportation services in the State. As a preliminary matter, Defendant NJT is not an "employer" as defined under the LMRA because it is a "political subdivision." See Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298, at \*2 (3d Cir. Apr. 13, 2023) (holding that NJ Transit is exempt from the LMRA because it is a "political subdivision."). Additionally, Defendant NJT cannot be brought to suit in federal court under the EERA because the Public Employee Relations Commission ("PERC") has exclusive jurisdiction over all claims of unfair labor practices. See N.J.S.A 34:13-5.4(c); N.J.S.A. 34:13A-5.4(a)(1) and (3). As such, there is no federal subject matter jurisdiction.**

**Turning to the facts, this matter arises out of a disciplinary charge brought against Plaintiff that resulted in a discharge of employment. Plaintiff was afforded the rights under the Collective Bargaining Agreement between Defendant NJT and Defendant ATU Local 880 to file a grievance and challenge the basis for discipline. Defendant NJT did not interfere with Plaintiff's rights under the CBA or otherwise take any action against her for exercising her rights under the CBA.**

(a) Pursuant to L. Civ. R. 16.1(b)(1)(H), set forth whether an Affidavit of Merit has been

3

served, or is required to be served, for any action asserting professional malpractice or negligence and, if an affidavit of merit is required, the date by which it must be served.

Yes ☐ No ☒    If Yes, Date of Service _____

(b) If an Affidavit of Merit has been served, state whether Defendant has any objections to the adequacy of the Affidavit

Yes ☐ No ☒

2. **Have settlement discussions taken place?** Yes ☐ No ☒

If so, when? ____

a) What was plaintiff's last demand?

   1) Monetary demand: Plaintiff hasn't made any demand yet. *$175,000*

   2) Non-monetary demand: *None Made*

   3) What was defendant's last offer?

   *1)* Monetary offer: *ZERO*

   *2)* Non-monetary offer: *NONE*

3. **The parties [have/have not]** met pursuant to Fed. R. Civ. P. 26(f):

   The parties are required to confer no later than June 18, 2025, pursuant to their obligations under Rule 26(f) of the Federal Rules of Civil Procedure.

4. **The parties [have/ have not] exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

   On June 2, 2025, ATU Local 880 served its Initial Disclosures in accordance with Rule 26(a) of the Federal Rules of Civil Procedure.

   **Plaintiff** shall exchange the information no later than July 2, 2025.

   **Defendant NJT shall provide initial disclosures once the decision on jurisdiction over this matter is decided.**

5. **Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1)**

   *Defendant Local 880 has made disclosures.*

   **Defendant NJT argues that this Court does not have jurisdiction over the claims alleged in this matter. As such, it asks that initial disclosures not be exchanged until after the motion on jurisdiction is decided.**

6. **The parties [have/ have not] filed disclosures of third party litigation funding. See L. Civ. R. 7.1.1.**

7. **The parties [have/ have not] conducted discovery other than the above disclosures. If so describe.**

8. **Proposed Joint Discovery Plan:**

   (a) Discovery is needed on the following subjects: *Defendant Local 880 will require discovery of Plaintiff's disciplinary record and event leading to Plaintiff's discharge.*

   (b) Discovery **[should/should not be]** conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures: **July 2, 2025**

   *(2)* E-Discovery conference pursuant to L. Civ. R. 26.1(d):

   (Plaintiff) June 25, 2025.

   *(Defendant Local 880 – ten (10) days following the Court's decision on Jurisdiction Motions to Dismiss).*

   (3) Service of initial written discovery:

   (Plaintiff) July 10, 2025;

   *(Defendant Local 880-twenty (20) days following Court's decision on Jurisdiction Motions to Dismiss).*

(4) Maximum of **25** interrogatories by each party to each other party.

(5) Maximum of:

   (Plaintiff) 10 depositions to be taken by each party.

   *(Defendant Local 880 – 3 for each Defendant, 6 for Plaintiff).*

(6) Motions to amend or to add parties to be filed by

   (Plaintiff August 23, 2025)

   *(Defendant Local 880 – 40 days, following Court's decision on Jurisdiction Motions to Dismiss).*

(7) Factual discovery to be completed by

   (Plaintiff November 29, 2025)

   *(Defendant Local 880-120 days, following Court's decision on Jurisdiction Motions to Dismiss).*

(8) Plaintiff's expert report due on:

   (Plaintiff) December 20, 2025.

   *(Defendant Local 880 – 135 days, following Court's decision on Jurisdiction Motions to Dismiss).*

(9) Defendant's expert report due on

   (Plaintiff) January 24, 2026.

   *(Defendant Local 880 – 160 days, following Court's decision on Jurisdiction Motions to Dismiss).*

(10)   Expert depositions to be completed by

   (Plaintiff) February 27, 2026

*(Defendant Local 880 - 185 days, following Court's decision on Jurisdiction Motions to Dismiss).*

(11)    Dispositive motions to be filed by (Plaintiff) March 27, 2026.

*(Defendant Local 880 – 220 days, following the Court's decision on Jurisdiction Motions to Dismiss).*

(d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

*Defendant Local 880-None expected.*

Discovery may encompass electronically stored information ("ESI"). The Parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The Parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The Parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the Parties have agreed to meet and confer before seeking intervention from the Court.

The Parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif).

The Parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendant shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendant shall respond in good faith, producing such hard copy and electronic documents as it

7

locates through a reasonable search. If after a reasonable review of the production, Plaintiff or the Defendant determine, in good faith, that additional information is needed, the Parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the Parties cannot reach an agreement, Plaintiff or the Defendant may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The Parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The Parties shall confer and then submit a jointly proposed protective order to the Court.

**Electronic service:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email

address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| Party | Email Service Address(es) |
| --- | --- |
| Plaintiff Sinowa Johnson | Emanuel Kataev, Esq. (emanuel@sagelegal.nyc) Victoria Trevor (vtrevor@consumerattorneys.com) |
| Defendant NJ Transit Bus Operations Inc. | Douglas V. Sanchez, Esq. (dsanchez@cmlawfirm.com) Travis M. Anderson, Esq. (tanderson@cmlawfirm.com) |
| Defendant ATU Local 880 | Paul A. Montalbano (montalbanoemail@yahoo.com) |

(e) A pretrial conference may take place on

   ( Plaintiff) - May 15, 2026.

   *(Defendant Local 880 – to be set by the Court).*

(f) Trial date

   Plaintiff June 15, 2026 (Jury Trial; Non-Jury Trial)

   *(Defendant Local 880 – to be set by the Court).*

9. Do you anticipate any special discovery needs (i.e., videotape/telephone

depositions, problems with out-of-state witnesses or documents, etc.)?

Yes ☐  No ☒  If so, explain.

10. **Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?**

Yes ☐  No ☒

*Defendant Local 880- None.*

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

[insert text]

11. **Do you anticipate entry of a Discovery Confidentiality Order? See L. Civ. R. 5.3(b) and Appendix S.**

Yes ☒  No ☐

12. **Do you anticipate any discovery problem(s) not listed above? Describe.**

Yes ☐  No ☒

13. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) or mediation (pursuant to L. Civ. R. 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).**

*Defendant Local 880: It is too early in the proceeding for Defendant to take a position.*

**Defendant NJT states that it is too early in the proceedings to take a position at this time.**

14. **Is this case appropriate for bifurcation?**

Yes ☐  No ☒

15. **An interim status/settlement conference (with clients in attendance) should be held in [insert]**

*(Defendant Local 880 states that it is too early to determine whether a settlement conference is appropriate in this matter.*

**(Defendant NJT) states that it is too early to determine whether a settlement conference is appropriate in this matter.**

16. We [do/<u>do not</u>] consent to the trial being conducted by a Magistrate Judge.

17. 18. Identify any other issues to address at the Rule 16 Scheduling Conference. [insert]

*Defendant Local 880 – Local 880 request leave to file a Motion to Dismiss on the Pleadings.*

**Defendant NJT filed a motion to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. Considering the pending motion, discovery should be stayed as resolution of the motion will result in the complete dismissal of the Complaint.**

Dated: June 20, 2025

Emanuel Kataev, Esq.
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff
Sinowa Johnson*

<u>/s/ Travis M. Anderson</u>
Travis M. Anderson, Esq.
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON, & ZIMET, LLP
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
T: (201) 474-7100
F: (201) 474-7101
E: tanderson@cmlawfirm.com

*Attorneys for Defendant
NJ Transit Bus
Operations Inc.*

<u>/s/ Paul A. Montalbano</u>
Paul A. Montalbano
COHEN, LEDER, MONTALBANO &
CONNAUGHTON, LLC
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
T: (908) 298-8800
E: montalbanoemail@yahoo.com

*Attorneys for Defendant Local 880*

## CERTIFICATE OF SERVICE

I hereby certify that on  6/20/2025 , I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*[signature]*