UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| SINOWA JOHNSON, | Case No.: 1:25-cv-02528 |
| Plaintiff, | |
| v. | |
| NJ TRANSIT BUS OPERATIONS, INC. d/b/a NJ TRANSIT and ATU LOCAL 880, | |
| Defendants. | |

# BRIEF OF DEFENDANT LOCAL 880 ATU IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Cohen, Leder, Montalbano & Connaughton, LLC
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Defendant Local 880 ATU*

Paul A. Montalbano, Esq.
Brady M. Connaughton, Esq.
On the Brief

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** .......................................... 1

**PROCEDURAL HISTORY** ............................................. 1

**LEGAL STANDARD** .................................................. 2

**ARGUMENT**

    POINT I
    FEDERAL JURISDICTION DOES NOT EXIST ON THE FACTS
    AS ALLEGED UNDER 29 U.S.C. §1331 ....................... 3

    POINT II
    PLAINTIFF JOHNSON'S ALLEGATIONS OF CAUSES OF ACTION
    ARISING UNDER THE NEW JERSEY EMPLOYER AND EMPLOYEE
    RELATIONS ACT ASSERTING PENDENT JURISDICTION MUST FAIL
    AS PENDENT JURISDICTION CAN ONLY ARISE AND BE RELIED
    UPON IF THERE IS THE EXISTENCE OF FEDERAL JURISDICTION.. 5

    POINT III
    PLAINTIFF JOHNSON'S ALLEGATIONS PURSUANT TO THE NEW
    JERSEY EMPLOYER EMPLOYEE RELATIONS ACT MUST FAIL AS
    THE PUBLIC EMPLOYMENT RELATIONS COMMISSION HAS
    EXCLUSIVE JURISDICTION OVER NJ PUBLIC SECTOR UNFAIR
    LABOR PRACTICE CHARGES .................................. 6

**CONCLUSION** ..................................................... 8

## TABLE OF AUTHORITIES

|  | Page |
|---|---|
| Alabama v. Centers for Medicare and Medicaid Services, 780 Fed. Supp. 2d. 1219 | 2 |
| Belleville Educ. Ass'n v. Belleville Bd. of Educ., 455 N.J. Super. 387, 391 (App. Div. 2018). | 7 |
| Bibbs v. Transunion LLC, 43 F. 4th 331 (3rd Cir. 2022). | 3 |
| Crilly v. Southeastern Pennsylvania Transportation Authority, 529 F.2d 1355 (3d Cir. 1976) | 4 |
| CWA Local 1044 v. Honorable Chief Justice of Supreme Court, 118 N.J. 495 (1990). | 5 |
| Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30, 290 F.3d 567 (3d Cir. 2002). | 7 |
| Fed Cetera, LLC v. National Credit Service, Inc., 938 F. 3d. 466, 469 n.7 (3rd Cir. 2019). | 2 |
| Felice v. Sever, 985 F.2d 1221, 1226-27 (3d.Cir 1993). | 4 |
| Hackensack v. Winner, 82 N.J. 1 (1980) | 6,7 |
| Int'l Union, Sec. Police & Fire Professionals of Am. V. Faye, 828 F.3d 969 (D.C Cir.. 2016). | 5,6 |
| In re: NJ Transit Bus Operations, 125 N.J. 41 (1991) | 5,6 |
| In re Hoboken Teachers Assoc., 147 N.J. Super 240 (1977) | 7 |
| James v. Camden County Council No. 10, 188 N.J. Super 251 (Ch. Div. 1982) | 5 |
| Jefferson Twp. Bd. of Educ. v. Jefferson Twp. Educ. Ass'n, 188 N.J. Super. 411, 415 (App. Div. 1982) | 7 |
| Jones v. City of Atlantic City, 2007 WL 4545989, *2 (D.N.J. 2007) | 4 |
| Lee v. Hudson Police Detective Sergeant Finn, 203 U.S. Dist. Lexis 184152 | 2 |
| Martinez v. United States Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995) | 2 |
| Mortenson v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) | 2 |

New Jersey Transit Bus Operations, Inc. v. Amalgamated
    Transit Union Local 820, 2015 N.J. Super. Unpub. LEXIS 2631,
    *13-14 (App. Div. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

NJ Transit Bus Operations, Inc., 233 N.J. Super 173 (App. Div. 1989) . . . . . . . . . 5

Peterson v. City of Long Branch, 2009 U.S. Dist. LEXIS 22178 (D.N.J. 2009) . . . 7


Miscellaneous

Employer-Employee Relations Act ("EERA") N.J.S.A. §34:13A-1 et. seq. . . . . . . . . 1

Labor Management Relations Act ("LMRA") (29 U.S.C. §185 et. seq.) . . . . . . . . . 1

National Labor Relations Act ("NLRA") 29 U.S.C. §151 et. seq. . . . . . . . . . . . . . . . 1

R. 12(c) of the Federal Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

28 U.S.C. §1364(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

29 U.S.C. §142(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. §152(2)(3) and (5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C.S. §402(e)(f) and (i). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

NJ Statutes

N.J. Stat. Ann. §§ 34:13A-1 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## PRELIMINARY STATEMENT

In her Complaint, Plaintiff Sinowa Johnson ("Johnson" or "Plaintiff Johnson") asserts that her former employer, New Jersey Transit Corporation ("Defendant" or "NJT") and the Amalgamated Transit Union Local 880 ("Local 880") breached both the terms of the collective bargaining agreement between NJT and Local 880 and the duty of fair representation in violation of federal laws Labor Management Relations Act ("LMRA") (29 U.S.C. §185 et. seq.), and the National Labor Relations Act ("NLRA").29 U.S.C. §151 et. seq.; and New Jersey law pursuant to the Employer-Employee Relations Act ("EERA") N.J.S.A. §34:13A-1 et. seq.

Local 880 now makes this Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P 12(c) because this Court lacks subject matter jurisdiction over Plaintiff's Complaint. As set forth more fully below, this Court lack subject matter jurisdiction over the LMRA cause of action (Count I) as Local 880 is the exclusive representative of employee employed by NJT which is not an "employer" as defined in the LMRA; without federal jurisdiction there is no supplemental jurisdiction over the State EERA claim (Count II) ; and New Jersey Public Employment Relations Commission ("NJ PERC") has exclusive jurisdiction over all State of New Jersey public sector labor law matters, including unfair practice charges (such as alleged breach of duty of fair representation). For these reasons, Defendant Local 880 submits that based upon the pleadings, the Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(c) for a lack of subject matter jurisdiction.

## PROCEDURAL HISTORY

On or about April 8, 2025, Plaintiff Sinowa Johnson, a former NJ Transit bus operator, filed a Complaint against her former employer NJ Transit and her union, Local 880. ECF No. 1. On about May 19, 2025, Local 880 filed its Answer to the Complaint. ECF No. 6. On June 2, 2025, NJ Transit filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 13, With the

1

pleadings as to Plaintiff and Defendant Local 880 having been filed, Defendant Local 880 now brings this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c).

## **LEGAL STANDARD**

Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. This current Motion has been filed immediately after the close of the pleadings and with permission having been granted by the Court.

When considering a Fed. R. Civ. P. 12(c) Motion challenging subject matter jurisdiction, the Court applies the same standard as it would under a R. 12(b)(1), that is a facial attack challenging the Court's subject matter jurisdiction, see Alabama v. Centers for Medicare and Medicaid Services, 780 Fed. Supp. 2d. 1219, Lee v. Hudson Police Detective Sergeant Finn, 203 U.S. Dist. Lexis 184152. Pursuant to Rule 12(b)(1), the Court need not presume that Plaintiff's allegations are true. Mortenson v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Martinez v. United States Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995). However, in the pleadings, Plaintiff must plausibly allege facts sufficient to establish federal jurisdiction, and dismissal is proper if the claim is so devoid of merit as to fail to involve a federal controversy. A court may grant a Rule 12(c) motion if on the basis of the pleadings the movant is entitled to a judgment on the basis of law, Fed Cetera, LLC v. National Credit Service, Inc., 938 F. 3d. 466, 469 n.7 (3rd Cir. 2019).

## ARGUMENT

## POINT I

### FEDERAL JURISDICTION DOES NOT EXIST ON THE FACTS AS ALLEGED UNDER 29 U.S.C. §1331

Federal question jurisdiction exists only if the Plaintiff's well pled Complaint establishes that the Federal law creates the cause of action or that the Plaintiff's right to relief depends on a resolution of a substantial question of Federal law, and requires more than mere conclusory statements or a formulaic recitation of the elements of a cause of action following the same standards that apply to a Rule 12(b)(6) Motion. Bibbs v. Transunion LLC, 43 F. 4th 331 (3rd Cir. 2022).

Plaintiff in her Complaint asserts the existence of federal subject matter jurisdiction pursuant to the LMRA and NLRA, and bases such jurisdiction on the existence of a collective bargaining agreement between an "employer" and a "labor organization," within the meaning of §301 of the Labor Management Relations Act. Reliance on the LMRA for subject matter jurisdiction over alleged violations by NJ Transit and Local 880 are wholly misplaced and erroneous as NJ Transit is not an "employer" within the meaning of the Act, and thus Local 880 as a labor organization is not encompassed within the statutory and regulatory application of the LMRA and NLRA. Specifically, these statutes are unequivocal in that the scope and jurisdiction is limited to private sector employers and private sector labor union organizations.

The LMRA refers to the definitions of "employee," "employer" and "labor organization" as set forth in Section 2 of the NLRA. See 29 U.S.C. §142(3). The term "employee" means "any employee .... But shall not include any individual employed... by any person who is not an employer as herein defined." 29 U.S.C. § 152(3). The term "employer" is defined as "any person acting as an agent of an employer ... but shall not include ... any State or political subdivision

3

thereof." 29 U.S.C. § 152(2). The case law of this Circuit, as cited in NJ Transit's Motion to Dismiss, at p.50, has stood for the proposition that "the term 'employer' excludes any State or political subdivision thereof,' and therefore the federal courts lack subject matter jurisdiction over a duty of fair representation claim brough by an employee of such an entity." Felice v. Sever, 985 F.2d 1221, 1226-27 (3d.Cir 1993). See also Jones v. City of Atlantic City, 2007 WL 4545989, *2 (D.N.J. 2007); Crilly v. Southeastern Pennsylvania Transportation Authority, 529 F.2d 1355 (3d Cir. 1976) (holding SEPTA to be a "political subdivision" and therefore not an employer within the meaning of §152(2)). In fact, the statutory definition of "employer" explicitly excludes "any State or potential subdivision thereof." As set forth more fully in NJ Transit's Motion Brief and with such arguments being adopted as set forth fully herein[1], NJ Transit is an arm of the State and a "political subdivision" and thus not an "employer" for purposes of the LMRA. Def NJ Transit Bf. at p. 50.

With NJ Transit being a State of New Jersey or political subdivision public employer and thus not an employer pursuant to the LMRA, an "employee" employed by NJ Transit would not be an "employee" within the definition of the LMRA. Finally, the definition of "labor organization" pertains to an organization in which LMRA covered "employees" participate and which exists for the purpose in dealing with LMRA covered "employers." 29 U,.S.C. 142(3); 29 U.S.C. § 152(5); 29 U.S.C.S. §402(e),(f), and (i) . Section 402(e) specifically provides that an employer means "any employer …. engaged in an industry affecting commerce… but does not include…any State of political subdivision thereof." 29 U.S.C. §402(e). Given the NJ Transit is a

---

[1] While understanding that NJ Transit's Motion is pursuant to Fed. R. Civ. P. 12(b)(6) and is at a different stage of the litigation with NJ Transit's Answer having not yet been filed, upon review of Defendant NJ Transit's Motion brief, and with NJ Transit being a co-Defendant in this matter, Local 880 adopts the legal arguments set forth in the 12(b)(6) Motion to Dismiss.

political subdivision of the State of New Jersey, and Local 880 is the exclusive negotiations representative of employees employed by NJ Transit, Local 880 is not a "labor organization" covered by Section 301 of LMRA nor the NLRA. The courts in the State of New Jersey have repeatedly and consistently held that New Jersey public employees, specifically employees employed by NJ Transit were not subject to the LMRA, and fell under the jurisdiction of the EERA and PERC. See In re NJ Transit Bus Operations, 125 N.J. 41 (1991); NJ Transit Bus Operations, Inc., 233 N.J. Super 173 (App. Div. 1989) (reversed on other grounds). Similarly, the New Jersey courts have repeatedly and consistently held the public employee unions, such as Local 880, are governed by state laws, specifically the EERA, and not the LMRA. See James v. Camden County Council No. 10, 188 N.J. Super 251 (Ch. Div. 1982); CWA Local 1044 v. Honorable Chief Justice of Supreme Court, 118 N.J. 495 (1990). It is undisputed, based upon the pleadings, that Local 880 is a labor organization which solely represents the public employees of New Jersey Transit. As such, the LMRA and NLRA do not apply to Local 880.

For all of the above reasons, Count I of Plaintiff's Complaint as to Defendant Local 880 must be dismissed for lack of subject matter jurisdiction.

## POINT II

**PLAINTIFF JOHNSON'S ALLEGATIONS PURSUANT TO THE NEW JERSEY EMPLOYER EMPLOYEE RELATIONS ACT MUST FAIL AS SUPPLMENTAL JURISDICTION CAN ONLY ARISE IF THERE IS THE EXISTENCE OF FEDERAL JURISDICTION**

As a matter of course, pursuant to 28 U.S.C.S. § 1367, supplemental jurisdiction only exists when the federal court has original jurisdiction over at least one claim in the case. Accordingly, there is no supplemental jurisdiction over state law claims when there is no federal court jurisdiction under the LMRA. See Int'l Union, Sec. Police & Fire Professionals of Am. V. Faye,

828 F.3d 969 (D.C Cir.. 2016). The burden of establishing original subject matter jurisdiction of the Federal Court rests upon Plaintiff and as set forth above, Plaintiff has failed to do so in her pleadings. as New Jersey Transit Bus Operations is a political subdivision of the State of New Jersey and a public sector Employer within the meaning of New Jersey's EERA, N.J.S.A. §§ 34:13A-1 et. seq. It follows that Local 880 as the exclusive negotiations' representative of NJ Transit employees, is a public sector labor organization, and is subject to the EERA and New Jersey's statutory and regulatory framework.. In re: NJ Transit Bus Operations, 125 N.J. 41 (1991) (holding no original federal court jurisdiction over NJ Transit and its employees). In light of the above, based solely upon the facts set forth in the pleadings and applicable law, Plaintiff's assertion of supplemental jurisdiction must fail.

### POINT III

**PLAINTIFF JOHNSON'S ALLEGATIONS PURSUANT TO THE NEW JERSEY EMPLOYER EMPLOYEE RELATIONS ACT MUST FAIL AS THE PUBLIC EMPLOYMENT RELATIONS COMMISSION HAS EXLCUSIVE JURISDICTION OVER NJ PUBLIC SECTOR UNFAIR LABOR PRACTICE CHARGES.**

The State of New Jersey and its Legislature was unequivocal in establishing the Public Employment Relations Commission vis a vis the EERA, and delegating the authority to PERC to make policy, establish rules and regulations, and enforce public sector labor law and protections for New Jersey's public sector employees and their representative labor organizations. N.J. Stat. Ann. §§ 34:13A-1 et seq. In Hackensack v. Winner, the New Jersey Supreme Court specifically clarified that the 1974 amendments to the EERA granted PERC "exclusive power" to prevent and remedy unfair labor practices. Hackensack v. Winner, 82 N.J. 1 (1980); N.J.S.A. § 34:13A-5.4. In fact, the New Jersey Supreme Court opined that "[t]he Legislature obviously believed that the

6

existence or occurrence of unlawful practices called for the expert handling of a specialized administrative agency such as PERC and that in these matters that agency's jurisdiction was indeed preferred even to that of the courts. Id. at 24; see also Jefferson Twp. Bd. of Educ. v. Jefferson Twp. Educ. Ass'n, 188 N.J. Super. 411, 415 (App. Div. 1982) (citing PERC's expertise as a reason why "PERC's exclusive power over unfair practice complaints precludes arbitration"). Subsequent to and consistent with Hackensack v. Winner, this principle that PERC has the exclusive power and jurisdiction over unfair labor practices has been upheld time and time again. See e.g., In re Hoboken Teachers Assoc., 147 N.J. Super 240 (1977); New Jersey Transit Bus Operations, Inc. v. Amalgamated Transit Union Local 820, 2015 N.J. Super. Unpub. LEXIS 2631, *13-14 (App. Div. 2016) (holding that PERC has exclusive jurisdiction over unfair employer practices and unfair labor practices in the NJ public sector labor law context); Belleville Educ. Ass'n v. Belleville Bd. of Educ., 455 N.J. Super. 387, 391 (App. Div. 2018) (holding that the Public Employment Relations Commission has the exclusive jurisdiction to decide complaints arising under the New Jersey Employer-Employee Relations Act).; Peterson v. City of Long Branch, 2009 U.S. Dist. LEXIS 22178 (D.N.J. 2009) (holding that PERC has exclusive jurisdiction over all labor matters); Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30, 290 F.3d 567 (3d Cir. 2002) ("Under N.J. Stat. Ann. § 34:13A-5.2, New Jersey's PERC has exclusive jurisdiction over all labor matters.").

Plaintiff's complaint, at Count II alleges that Local 880 committed an unfair practice charge in violation of the EERA. In light of the above case law which upholds the Legislature's intent that NJ PERC has exclusive jurisdiction over New Jersey public sector labor matters, specifically unfair labor practices, Count II must be dismissed.

## CONCLUSION

For the all of the foregoing reasons, Defendant Local 880 respectfully requests that the Court grant its Fed. R. Civ. P. 12(c) Motion for Judgment on the pleadings, and dismiss the Complaint in its entirety against Local 880, with prejudice.

                            COHEN, LEDER, MONTALBANO & CONNAUGHTON, LLC
                            *Attorneys for Defendant Local 880 ATU*

                            By: _____
                                  Paul A. Montalbano

                            By: /s/ _____
                                    Brady M. Connaughton

Dated: August 8, 2025