## COHEN, LEDER, MONTALBANO & CONNAUGHTON
### A LIMITED LIABILITY COMPANY
#### COUNSELORS AT LAW

EDWARD A. COHEN (Retired)
BRUCE D. LEDER (Retired)

PAUL A. MONTALBANO
Paul.Montalbano@clmc-law.com

MATTHEW G. CONNAUGHTON*
Matthew.Connaughton@clmc-law.com

BRADY M. CONNAUGHTON*
Brady.Connaughton@clmc-law.com

*ALSO N.Y. BAR

RIVER DRIVE CENTER 2
669 RIVER DRIVE, SUITE 125
ELMWOOD PARK, NEW JERSEY 07407
(At Exit 61 Interstate 80)

Reply to:
❏ 43 MAIN STREET, SECOND FLOOR
AVON BY THE SEA, NEW JERSEY 07717

Phone: (908) 298-8800   Fax: (908) 298-9333
Administrative email
clmc.sceduling@clmc-law.com

Of Counsel:
ZAZZALI, P.C.

August 8, 2025

*via ecf*
Hon. Karen M. Williams, U.S.D.J.
United States District Court
For the District of New Jersey
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets, Courtroom 4A
Camden, New Jersey 08101

Re:   Sinowa Johnson v. NJ Transit Bus Operations, Inc. et al
      Docket No. 1:25-02528

Dear Judge Williams:

As you know, this firm serves as legal counsel to Defendant, Amalgamated Transit Union, Local 880 in connection with the above matter. Pursuant to Your Honor's direction in the conference held on July 17, 2025, please accept this letter as Defendant Local 880's joinder to Defendant New Jersey Transit's Motion to Stay Discovery.

Defendant Local 880 joins in Defendant New Jersey Transit's motion to Stay Discovery and further reinforces that:

Courts have the discretion to stay discovery while a motion to dismiss is pending, provided that there is good cause shown pursuant to Fed. R. Civ. P. 26, the benefits of efficiency outweigh the potential prejudice to plaintiff and based upon the likelihood that the motion to dismiss will resolve the case. Local 880 submits that New Jersey Transit has unequivocally demonstrated that good cause has been demonstrated here, and efficiency outweighs the potential for any prejudice to plaintiff. Further, New Jerey Transit and Local 880 have motions to dismiss pending, both based upon the absence of subject matter jurisdiction. Consistent with Ashcroft v. Iqbal, 556 U.S. 662, 173 L.Ed. 2d 828 (2000); Rsrv. Real Est. Grp., Inc. v. Precision Wound Care LLC, 2025 U.S. Dist.

1

123195 (Mid. Dist. Pa. 2025); Humana Inc. v. Celgene Corp, 2025 U.S. Dist. 63586 (D.N.J. 2025), it is appropriate to grant the stay of discovery where the motion(s) to dismiss may eliminate or narrow the claims, rendering discovery unnecessary. Given both New Jersey Transit and Local 880's motions to dismiss are made on the basis of a fundamental lack of subject matter jurisdiction and as to the pendent claim, that there is exclusive jurisdiction of the New Jersey Public Employment Relations Commission over unfair labor practices brought pursuant to the Employer-Employee Relations Act, which would eliminate the pendent claim, the Complaint it is reasonably expected the Motions to Dismiss will be granted. Local 880 submits that good cause exists to grant to Motion for a Stay of Discovery.

Respectfully submitted,

Paul A. Montalbano

PAM:cs
cc    Emanuel Kataev, Esq.
       Travis M. Anderson, Esq.