| | |
|---|---|
| SINOWA JOHNSON,<br><br>   Plaintiff,<br><br>     v.<br><br>NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880,<br><br>   Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Hon. Karen M. Williams, U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>Civil Action No. 1:25-02528 (KMW/EAP)<br><br>Motion Date: September 2, 2025<br><br>**(Electronically Filed)** |

**BRIEF IN SUPPORT OF DEFENDANT NEW JERSEY TRANSIT BUS OPERATIONS, INC.'S MOTION TO STAY**

 

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
dsanchez@cmlawfirm.com
tanderson@cmlawfirm.com
Attorneys for Defendant,
   *NJ Transit Bus Operations Inc.*

Douglas V. Sanchez, Esq.
    Of Counsel

Travis M. Anderson, Esq.
    On the Brief

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES .......................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

LEGAL ARGUMENT ....................................................................................................................2

      A.      Granting a Stay Will Simplify the Issues Because It Will Result In The Outright Elimination of Discovery In This Court. ................................................................3

      B.      The Status of Litigation Favors a Stay. ..................................................................5

      C.      A Stay Would Not Prejudice Plaintiff .....................................................................5

CONCLUSION ...............................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                     **Page**

Akishev v. Kapustin, 23 F. Supp. 3d 440 (D.N.J. 2014) ............................................. 3, 5

America, Inc. v. InvestPic, LLC, 898 F. 3d 1161 (Fed. Cir. 2018) .................................. 5

Bataan Licensing LLC v. DentalEZ, Inc., 22-CV-238, 2023 WL 143991 (D. Del. Jan. 10, 2023) 4

Clarity Sports Int'l LLC v. Redland Sports, 400 F. Supp. 3d 161 (M.D. Pa. 2019) ........................ 3

Cost Bros. v. Travelers Indem. Co., 760 F.2d 58 (3d Cir. 1985) ....................................... 2

Dentsply Int'l Inc. v. Kerr Mfg. Co., 734 F. Supp. 656 (D. Del. 1990) ............................ 2

Elfar v. Twp. of Holmdel, No. 24-cv-1353, 2025 WL 671112 (3d Cir. Mar. 3, 2025) .................. 2

IBM v. Zynga Inc., No. 22-cv-590-GBW, 2023 U.S. Dist. LEXIS 213050 (D. Del. Nov. 30, 2023) ................................................................................................................ 2

Karns v. Shanahan, et al., 879 F.3d 504 (3d Cir. 2018) ................................................. 4

Landis v. North Am. Co., 299 U.S. 248 (1936) ............................................................... 2

Levey v. Brownstone Inv. Grp., 590 F. App'x 132 (3d Cir. 2014) ................................... 3

Local 54 Patrolman's Benevolent Association v. Fontoura, No. 06–6278, 2007 WL 4165158 (D.N.J. Nov.19, 2007) ........................................................................................... 4

Mann v. Brenner, 375 F. App'x 232 (3d Cir. 2010) ................................................... 3, 5

Perelman v. Perelman, CIV.A. 10-5622, 2011 WL 3330376 (E.D. Pa. Aug. 3, 2011) ................. 3

Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298 (3d Cir. Apr. 13, 2023) ................ 4

Victor v. Huber, No. 3:12-CV-282, 2012 WL 2564841 (M.D. Pa. July 2, 2012) .................... 3

Weisman v. Mediq, Inc., No. CIV. A. 95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995) ........... 3

**Statutes**

29 U.S.C. § 185, et seq. ................................................................................................. 4

N.J.S.A 34:13-5.4 ........................................................................................................... 7

N.J.S.A. § 34:13A-1, et seq. ........................................................................................... 4

## INTRODUCTION

On April 8, 2025, Plaintiff Sinowa Johnson filed the instant Complaint against Defendants New Jersey Transit Corporation[1] ("Defendant" or "NJT") and the Amalgamated Transit Union State Council, Local 880 ("ATU Local 880") (collectively "Defendants") alleging, *inter alia*, that Defendants breached the terms of the Collective Bargaining Agreement between the ATU Local 880 and NJT ("CBA") and a duty of fair representation in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. (Count One); and violation of the Employer Employee Relations Act ("EERA"), N.J.S.A. § 34:13A-1, et seq. (Count Two). See Certification of Travis M. Anderson, Esq. ("Anderson Cert."), **Exhibit 1**. Defendant NJT was served with the Complaint on April 29, 2025, and received a Clerk's Extension to file responsive pleadings. See ECF Nos. 4, 10.

On June 2, 2025, NJT filed a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim. See Anderson Cert., **Exhibit 2**. In its motion, NJT argued that this Court lack subject matter jurisdiction because (1) Plaintiff cannot bring claims against NJT under the LMRA because it is well-settled in ***this Circuit*** that NJT it is a "political subdivision" and therefore not an "employer" as defined in the Act; and (2) the New Jersey Public Employment Commission ("PERC") has ***exclusive jurisdiction over all labor matters*** under the EERA including unfair labor practice charges, and this Court, therefore, lack jurisdiction over the claims in Count Two of the Complaint. See id. Following a case management conference on July 17, 2025, this Court granted leave for NJT to file a motion to stay. See ECF No. 22.

Defendant NJT now moves to stay the proceedings pending a decision on the motion to dismiss. A stay is appropriate because (1) the motion to dismiss is based on established caselaw

---

[1] Plaintiff names NJ Transit Bus Operations, Inc., which is a subsidiary of New Jersey Transit Corporation. For ease of reference, Defendant refers to itself as New Jersey Transit Corporation throughout.

1

and legal principles and, if successful, would eliminate any need for discovery in this Court; (2) the case is in its infancy as there is no scheduling order and discovery has not commenced; and (3) the stay would not unduly prejudice Plaintiff or provide any tactical advantage to NJT. For all of the reasons set forth below, the motion to stay must be granted.

## LEGAL ARGUMENT

This Court has broad discretion to stay proceedings during the pendency of a motion to dismiss. See Cost Bros. v. Travelers Indem. Co., 760 F.2d 58, 60 (3d Cir. 1985); see also Elfar v. Twp. of Holmdel, No. 24-cv-1353, 2025 WL 671112, at *5 (3d Cir. Mar. 3, 2025) ("District courts retain broad discretion to manage the docket and resolve discovery disputes."); IBM v. Zynga Inc., No. 22-cv-590-GBW, 2023 U.S. Dist. LEXIS 213050, at *2 (D. Del. Nov. 30, 2023) ("A court has discretionary authority to grant a motion to stay." (citing Dentsply Int'l Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990))). Indeed, it is well settled, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936).

In deciding whether to exercise discretion to grant a motion to stay discovery after a dispositive motion is filed, courts in this Circuit weigh four factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

Clarity Sports Int'l LLC v. Redland Sports, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (citing Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotation marks omitted). All four of these factors weigh in favor of a stay in this case.

> **A.      Granting a Stay Will Simplify the Issues Because It Will Result In The Outright Elimination of Discovery In This Court.**

A stay has the potential to simplify the issues in this case because NJT's motion to dismiss challenges this Court's jurisdiction and the legal sufficiency of Plaintiff's entire complaint. The Courts "need not 'form[ ] an opinion as to the merits of the [pending dispositive] motion." See Perelman v. Perelman, CIV.A. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) (quoting Weisman v. Mediq, Inc., No. CIV. A. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995)). Rather, the Court examines whether the pending dispositive motion: "does not appear to be without foundation[,]" Victor v. Huber, No. 3:12-CV-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012), or is otherwise frivolous; "may result in a narrowing or outright elimination of discovery[,]" which generally favors granting a motion to stay, Weisman, 1995 WL 273678, at *2; would, if resolved, render discovery futile, see Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010); and "may potentially lead to" the end of the case, Perelman, 2011 WL 3330376 at *1 (internal citation omitted).

Here, if granted, NJT's motion to dismiss will dispose of the entire case. See Mann, 375 F. App'x at 239 ("it may be appropriate to stay discovery while evaluating a motion to dismiss" that would render discovery "futile"); Levey v. Brownstone Inv. Grp., 590 F. App'x 132, 137 (3d Cir. 2014) (holding that plaintiff "is plainly not entitled to burden" the defendant with discovery "given the deficiencies of his complaint"). As the motion to dismiss demonstrates, Plaintiff cannot prevail on her claims as a matter of law for two reasons. First, it is well-settled *in this Circuit* that Defendant NJT is a public entity and therefore not an "employer" as defined under the act. See

3

Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023) (holding that NJ Transit is exempt from the LMRA because it is a "political subdivision."); see also Karns v. Shanahan, et al., 879 F.3d 504, 519 (3d Cir. 2018) (holding that NJT is an arm of the State of NJ for purposes of the 11th Amendment). If successful on this argument, Plaintiff's claims would be dismissed in their entirety as the Court lacks jurisdiction and there is no cause of action under the LMRA. This would effectively eliminate any discovery in this Court as to the First Count.

Second, this Court lacks subject matter jurisdiction over Plaintiff's unfair labor practices claims under the EERA in Count Two because the Public Employee Relations Commission ("PERC") has exclusive jurisdiction over these claims. See N.J.S.A 34:13-5.4(c); N.J.S.A. 34:13A-5.4(a)(1) and (3). If this Court were to deny the stay and exercise jurisdiction over this case, it would essentially usurp PERC's exclusive jurisdiction and impede on New Jersey's substantial interest in labor-management relations. See Local 54 Patrolman's Benevolent Association v. Fontoura, No. 06–6278, 2007 WL 4165158, at *4 (D.N.J. Nov.19, 2007) (recognizing the State's interest in using PERC to adjudicate labor disputes involving state law enforcement). Therefore, should NJT succeed on this argument, this Court would again lack jurisdiction to hear the case and eliminate any discovery in this forum.

In sum, NJT's motion to dismiss asserts valid arguments based on established legal principles which will lead to the end of the case. Plaintiff would have no basis in law for Count One of the Complaint and no jurisdiction to adjudicate any of the claims in the Complaint. Therefore, this factor weighs in favor of a stay because should NJT prevail, discovery in this forum will "ultimately be unnecessary," thus "conserving this Court and the parties' resources." Bataan Licensing LLC v. DentalEZ, Inc., 22-CV-238, 2023 WL 143991, at *2 (D. Del. Jan. 10, 2023); see

also Mann, 375 F. App'x at 239 ("the purpose of Rule 12(b)(6) is to streamline litigation by dispensing with needless discovery and factfinding"). This factor, therefore, weighs in favor of a stay and NJT's motion should be granted.

### B. The Status of Litigation Favors a Stay

This case is in the earliest stages of litigation. It was filed four months ago; there is no scheduling order and discovery has not commenced. Both the parties and the Court have invested very few resources to this action since the filing of the Complaint. Therefore, this factor weighs in favor of a stay of discovery. See Mann, 375 F. App'x at 239 ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile.").

Moreover, as mentioned above, the pending motion is one that challenges the Court's jurisdiction. It does not require any resolution of fact disputes which precludes any need for discovery, which again weighs in favor of a stay. America, Inc. v. InvestPic, LLC, 898 F. 3d 1161, 1166 (Fed. Cir. 2018). If the motion to dismiss is granted – as argued above – discovery would be unnecessary, conserving both the Court's and parties' resources.

### C. A Stay Would Not Prejudice Plaintiff

A stay pending resolution of the motion to dismiss would not prejudice Plaintiff or give NJT any tactical advantage. As a preliminary matter, it is well-settled that "mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." Akishev, 23 F. Supp. 3d at 447 (citation and quotation marks omitted). There is no indication that delay would unduly burden Plaintiff and Plaintiff has not identified any urgency in bringing this claim to trial. According to the Complaint, Plaintiff was terminated on October 8, 2024, and filed the instant Complaint six months after her termination. Considering Plaintiff waited six months to file

the Complaint post-termination, there is no basis on which to conclude a brief stay of this case, which is in its infancy, would constitute an undue burden. Even if it was, any concerns that delay will prolong the resolution of this action can be adequately addressed and remedied through monetary damages in the event Plaintiff were to prevail at trial.

Further, there is no tactical advantage to be gained for NJT, only a request to avoid the burden and expense of needless litigation. There is no threat that evidence will turn stale or be lost during the stay. To the contrary, Defendant NJT would be forced to engage in costly discovery and/or pay a money judgment to litigate claims that (1) are based on a statute that this Circuit held does not apply to Defendant NJT and (2) are subject to the exclusive jurisdiction of a New Jersey State Agency. This factor, therefore, weighs in favor of a stay.

## CONCLUSION

For the foregoing reasons, NJT respectfully requests that the proceedings in this matter be stayed pending a decision on the motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By:   */s/ Travis M. Anderson*
Travis M. Anderson, Esq.

Dated: August 8, 2025