# EXHIBIT 2

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Travis M. Anderson, Esq. – 272682019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
Attorneys for Defendant,
    *NJ Transit Bus Operations Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SINOWA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880,<br><br>    Defendants. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>Civil Action No. 1:25-02528 (KMW/EAP)<br><br>**NOTICE OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM AND LACK OF SUBJECT MATTER JURISDICTION** |

**TO:**    Hon. Karen M. Williams, U.S.D.J.
        United States District Court
        Mitchell H. Cohen U.S. Courthouse
        4th & Cooper Streets, Courtroom 4A
        Camden, New Jersey 08101

        Emanuel Kataev, Esq.
        Sage Law LLC
        18211 Jamaica Avenue
        Jamaica, New York 11423
        Attorneys for Plaintiff, Sinowa Johnson

        Paul A. Montalbano, Esq.
        Cohen, Leder, Montalbano & Connaughton, LLC
        River Drive Center II, 699 River Drive, Suite 125
        Elmwood Park, NJ 07470
        Attorneys for ATU Local 880

**PLEASE TAKE NOTICE** that on **Monday, July 7, 2025,** or at such other time as it may please the Court, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (Travis M. Anderson, Esq., appearing), appearing on behalf of Defendant, NJ Transit Bus Operations, Inc. ("Defendant"), shall move before the Honorable Karen M. Williams, United States District Judge, in the Mitchell H. Cohen U.S. Courthouse, Camden, New Jersey, for an Order dismissing Plaintiff, Sinowa Johnson's Complaint, with prejudice, for failure to state a claim and Lack of Subject Matter Jurisdiction, pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure, and for further relief as the Court may deem proper in this matter.

**PLEASE TAKE FURTHER NOTICE** that Defendant shall rely upon the attached Brief, Declaration of Counsel, and Exhibits submitted herewith in support of the motion.

**PLEASE TAKE FURTHER NOTICE** that Defendant respectfully requests that the Court rule upon the moving papers submitted, without requiring the appearance of counsel, pursuant to Rule 78 of the Federal Rules of Civil Procedure, unless opposition is submitted, in which case oral argument is requested.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is submitted herewith.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By:      _/s/ Travis M. Anderson_

Travis M. Anderson, Esq.

Dated: June 2, 2025

| | |
|---|---|
| SINOWA JOHNSON, | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |
| Plaintiff, | |
| v. | Hon. Karen M. Williams, U.S.D.J. Hon. Elizabeth A. Pascal, U.S.M.J. |
| NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880, | Civil Action No. 1:25-02528 (KMW/EAP) |
| Defendants. | Motion Date: July 7, 2025 |
| | **(Electronically Filed)** |

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT ON BEHALF OF DEFENDANT, NJ TRANSIT BUS OPERATIONS INC. FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND LACK OF SUBJECT MATTER JURISDICTION**

---

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
dsanchez@cmlawfirm.com
tanderson@cmlawfirm.com
Attorneys for Defendant,
    *NJ Transit Bus Operations Inc.*

Douglas V. Sanchez, Esq.
    Of Counsel

Travis M. Anderson, Esq.
    On the Brief

## TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES.......................................................................................... ii

PRELIMINARY STATEMENT....................................................................................1

STATEMENT OF FACTS .............................................................................................2

PROCEDURAL HISTORY ...........................................................................................2

STANDARD OF REVIEW ........................................................................................ 2-4

ARGUMENT ....................................................................................................................

      POINT I

           COUNT ONE OF PLAINTIFF'S COMPLAINT ALLEGING
           VIOLATIONS OF THE LMRA MUST BE DISMISSED
           BECAUSE NJT IS A POLITICAL SUBDIVISION OF THE STATE
           OF NEW JERSEY AND THEREFORE NOT AN "EMPLOYER"
           FOR PURPOSES OF THE ACT ............................................................4

      POINT II

           COUNT TWO OF THE COMPLAINT MUST BE DISMISSED
           BECAUSE PERC HAS EXCLUSIVE JURISDICTION OVER
           PLAINTIFF'S UNFAIR PRACTICE CHARGES UNDER THE
           EERA ......................................................................................................6

CONCLUSION..................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ...................................................................................................... 3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007).................................................................................................... 3,4

City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.,
  908 F.3d 872 (3d Cir. 2018) ................................................................................................ 3,4

Crilly v. Southeastern Pennsylvania Transportation Authority,
  529 F.2d (3d Cir. 1976) ...................................................................................................... 5

Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30,
  (3d Cir. 200) ....................................................................................................................... 6

Felice v. Sever,
  985 F.2d 1221 (3d Cir. 1993) ............................................................................................. 5

Fowler v. UPMC Shadyside,
  578 F.3d 203 (3d Cir. 2009) .............................................................................................. 4

Galloway Twp. Bd. of Educ. v. Galloway Twp. Ass'n of Educ. Secretaries,
  393 A.2d 207 (1978) .......................................................................................................... 6

Gould Electronics Inc. v. United States,
  220 F.3d 169 (3d Cir. 2000) .............................................................................................. 3

Hackensack v. Winner,
  410 A.2d 1146 (N.J. 1980) ................................................................................................ 6

Horton v. United States,
  144 Fed. Appx. 931 (3d Cir. 2005) ................................................................................... 3

In re Burlington Coat Factory Sec. Litig.,
  114 F.3d 1410 (3d Cir. 1997) ............................................................................................ 3

Jones v. City of Atlantic City, et al.,
  2007 WL 4545898 (D.N.J. 2007) ...................................................................................... 5

Karns v. Shanahan, et al.,
  879 F.3d 504 (3d Cir. 2018) .............................................................................................. 5

Local 54 Patrolman's Benevolent Association v. Fontoura,
  No. 06–6278, 2007 WL 4165158, (D.N.J. Nov.19, 2007) ................................................ 7

Malleus v. George,
  641 F.3d 560 (3d Cir. 2009) .............................................................................................. 3,4

Martinez v. United States Post Office,
  875 F. Supp. 1067 (D.N.J. 1995) ...................................................................................... 2,3

McTernan v. City of York,

ii

577 F.3d 521 (3d Cir. 2009) ................................................................................ 3

Mortensen v. First Fed. Sav. Loan Ass'n,
  549 F.2d 884 (3d Cir. 1977) ........................................................................... 2

NLRB v. Nat. Gas Util. Dist.,
  402 U.S. 600 (1970) ....................................................................................... 5

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
  998 F.2d 1192 (3d Cir. 1993) ........................................................................ 3

Pue v. New Jersey Transit Corp.,
22-2616, 2023 WL 2930298 (3d Cir. Apr. 13, 2023) ...................................... 5

Williamson v. Tucker,
  645 F.2d 404 (5th Cir. 1981) ......................................................................... 3

Woodstown-Pilesgrove Reg'l School Dist. Bd. of Ed.,
164 N.J. Super. 106, 108, 395 A.2d (App. Div. 1978), aff'd 81 N.J. 582, 410 A.2d (1980) ...........7

## Statutes

§ 27.25-4 ............................................................................................................ 6

§§ 5.4(a) and (b) ................................................................................................ 7

29 U.S.C. § 152(2) ............................................................................................. 5

29 U.S.C. § 152(3) ............................................................................................. 4

29 U.S.C. § 142(3) ............................................................................................. 4

29 U.S.C. § 185.................................................................................................. 1

N.J.S.A. 27:25-4(a) ........................................................................................... 5

N.J.S.A. § 34:13A-1............................................................................................ 2

N.J. Stat. Ann. §§ 34:13A-1 ............................................................................... 6

N.J. Stat. Ann. § 34:13A–5.2 ............................................................................. 6

N.J.S.A. 34:13A-5.4(a)(1) and (3) ...................................................................... 7

N.J.S.A 34:13-5.4(c) .......................................................................................... 7

iii

**<u>Rules</u>**

Fed. R. Civ. P. 12(b)(1) ............................................................................... 1,8

Fed. R. Civ. P. 12(b)(6) ............................................................................... 1,8

## PRELIMINARY STATEMENT

In his Complaint, Plaintiff, Sinowa Johnson ("Plaintiff"), asserts federal and state law causes of action against his former employer, Defendant New Jersey Transit Corporation[1] ("Defendant" or "NJT") and the Amalgamated Transit Union Local 880 ("ATU Local 880") (collectively "Defendants") alleging, *inter alia*, that Defendants breached the terms of the Collective Bargaining Agreement between the ATU and NJ Transit ("CBA") and a duty of fair representation in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq. (Count One); and violation of the Employer Employee Relations Act, N.J.S.A. § 34:13A-1, et seq. (Count Two). (A copy of the Complaint is attached to the Certification of Travis M. Anderson ("Anderson Cert.") at Exhibit A).

NJT now moves to dismiss the Complaint for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) and Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1). First, Plaintiff cannot bring claims against NJT under the LMRA because it is a political subdivision and therefore not an "employer" as defined in the Act. As such, Count One of Plaintiff's Complaint, therefore must be dismissed as a matter of law. Likewise, Count Two of Plaintiff's Complaint asserts a claim of unfair labor practices under the EERA. The New Jersey Public Employment Commission ("PERC"), however, has *exclusive jurisdiction over all labor matters* including unfair labor practice charges. This Court, therefore, does not have jurisdiction over these claims and Count Two of Plaintiff's Complaint must be dismissed.

---

[1] Plaintiff names NJ Transit Bus Operations, Inc., which is a subsidiary of New Jersey Transit Corporation. For ease of reference, Defendant refers to itself as New Jersey Transit Corporation throughout.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff, Sinowa Johnson, is a former Bus Operator employed by NJT. See Anderson Cert, Exhibit A, at ¶ 15. As a Bus operator, Plaintiff was a member of ATU Local 880 and her employment was governed under the CBA. Id. at ¶¶ 15, 17. On or around May 1, 2024, Plaintiff was suspended for ten (10) days without pay. Id. at ¶ 19. Plaintiff requested representation from ATU Local 880 and was threatened with termination. Id. at ¶¶ 20-21. She contacted several executive members of ATU Local 880, including the President, Vice President and Manager, however they did not take any action. Id. at ¶¶ 22, 24.

That same day, Plaintiff was terminated from employment. Id. at ¶ 23. Plaintiff contends the termination was without cause in violation of the CBA and sought assistance from ATU Local 880 in connection with the charges. Id. at ¶¶ 19, 23. On October 8, 2024, ATU Local 880 ceased Plaintiff's grievance against NJ Transit in connection with the termination.[3] Id. at ¶ 25. Plaintiff filed the instant lawsuit on April 8, 2025. See ECF No. 1.

## STANDARD OF REVIEW

### 1.     12(b)(1) Standard

Defendant NJT moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the Court need not presume that Plaintiff's allegations are true. Mortensen v. First Fed. Sav. Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Martinez v. United States Post Office, 875 F. Supp. 1067, 1070 (D.N.J. 1995).

---

[2] Given that this is a motion to dismiss on the pleadings, Defendant is required to state the facts as alleged in the Complaint, and the Court must accept the factual allegations of the Complaint (but not any conclusory statements unsupported by facts) in the light most favorable to Plaintiff. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). By setting forth the facts below for purposes of this motion, Defendant does not concede the truth of those allegations, many of which Defendant would take issue with, if the claims against Defendant are not dismissed.

[3] Plaintiff's Complaint alleges that the grievance was dropped on October 8, 2023, however this is most likely a typographic error because Plaintiff was allegedly terminated on May 1, 2024.

"Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determines jurisdiction. Martinez, 875 F. Supp. at 1070 (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)); see also Gould Electronics Inc. v. United States, 220 F.3d 169, 177 (3d Cir. 2000). Plaintiff, as the party who invoked federal jurisdiction, has the burden of establishing that the Court has subject matter jurisdiction. See, e.g., Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. 2005); Martinez, 875 F. Supp. at 1071.

### 2.    Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." Id. To that end, a district court must disregard all "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878-79 (3d Cir. 2018). At this procedural juncture, the court may consider the complaint, exhibits attached to the complaint, matters of public record, and prior judicial decisions. McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Under the Iqbal and Twombly pleading regime, a district court must undertake a three-prong analysis. See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2009). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." Id. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the

Case 1:25-cv-02528-KMW-EAP    Document 26-4    Filed 08/08/25    Page 12 of 41 PageID:
Case 1:25-cv-02528-KMW-EAP    Document 13-1    Filed 06/02/25    Page 9 of 13 PageID:
173
49

assumption of truth." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding

that "[f]actual allegations must be enough to raise a right to relief above the speculative level").

Third, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations

should be presumed veracious, and the court should ascertain whether they "plausibly give rise to

an entitlement for relief." Malleus, 641 F.3d at 563; see also City of Cambridge, 908 F.3d at 878

(finding that a district court must accept "all well-pleaded allegations as true and draw all

reasonable inferences in favor of the plaintiff"). This finding requires more than a mere allegation

of an entitlement to relief or demonstration of the "mere possibility of misconduct." Fowler v.

UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

## LEGAL ARGUMENT

### POINT I

**COUNT ONE OF PLAINTIFF'S COMPLAINT ALLEGING VIOLATIONS OF THE LMRA MUST BE DISMISSED BECAUSE NJT IS A POLITICAL SUBDIVISION OF THE STATE OF NEW JERSEY AND THEREFORE NOT AN "EMPLOYER" FOR PURPOSES OF THE ACT.**

In the first count of the Complaint, Plaintiff asserts claims of under the LMRA against NJT

on grounds that it breached the collective bargaining agreement between Local ATU and NJT when

she was terminated from employment. See Anderson Cert., Exhibit A, at ¶¶ 27-29. These claims

fall under Section 301 of the LMRA. Plaintiff, however, cannot bring claims against NJT pursuant

to the LMRA or the NLRA because NJT is not an "employer" under these Acts.

Indeed, Section 501(3) of the LMRA refers to the definitions of "employee" and

"employer" set forth in Section 2 of the NLRA. See 29 U.S.C. § 142(3). Under Section 2 of the

NLRA, the term employee" shall mean "any employee . . . but shall not include any individual

employed . . . by any other person who is not an employer as herein defined." 29 U.S.C. § 152(3).

Case 1:25-cv-02528-KMW-EAP     Document 26-4     Filed 08/08/25     Page 13 of 41 PageID:
Case 1:25-cv-02528-KMW-EAP     Document 23-1     Filed 06/02/25     Page 10 of 13 PageID:
173
50

The term "Employer" is defined as "any person acting as an agent of an employer . . . but shall not include . . . *any State or political subdivision thereof*." 29 U.S.C. § 152(2) (emphasis added); <u>see Crilly v. Southeastern Pennsylvania Transportation Authority</u>, 529 F.2d 1355 (3d Cir. 1976) (holding SEPTA to be a "political subdivision" and therefore not an employer within the meaning of § 152(2)); <u>see also</u> <u>Jones v. City of Atlantic City, et al.</u>, 2007 WL 4545898, *2 (D.N.J. 2007); <u>Felice v. Sever</u>, 985 F.2d 1221, 1226-27 (3d Cir. 1993) ("We have previously held that the term 'employer' . . . excludes 'any State or political subdivision thereof,' and therefore the federal courts lack subject matter jurisdiction over a duty of fair representation claim brought by an employee of such an entity.") (citations omitted). An entity constitutes a "political subdivision if it was 'either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.'" <u>Crilly</u>, 529 F.2d at 1358 (quoting <u>NLRB v. Nat. Gas Util. Dist.</u>, 402 U.S. 600, 604-05 (1970)). The *Natural Gas* test significantly and substantively overlaps with the "arm of the State" test for determining Eleventh Amendment immunity.[4]

Here, the Third Circuit held that NJT is an arm of the State of New Jersey and a "political subdivision." <u>See</u> <u>Karns v. Shanahan, et al.</u>, 879 F.3d 504, 519 (3d Cir. 2018) (holding that NJT is an arm of the state of NJ for purposes of the 11th Amendment); <u>Pue v. New Jersey Transit Corp.</u>, 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023) (holding that NJ Transit is exempt from the LMRA because it is a "political subdivision.") (A copy of the opinion is attached hereto as Exhibit B to the Certification of Travis M. Anderson, Esq.). To be sure, under N.J.S.A. 27:25-4(a), NJ Transit is "established in the Executive Branch of the State Government . . . [,] allocated within

---

[4] The test to determine whether an entity is an "arm of the state" for Eleventh Amendment purposes includes: (1) whether the payment of a judgment would come from the state (State treasury factor); (2) what status the entity has under state law (State law factor); and (3) what degree of autonomy the entity has (Autonomy factor). <u>See</u> <u>Karns v. Shanahan, et al.</u>, 879 F.3d 504, 519 (3d Cir. 2018).

the Department of Transportation" and "an instrumentality of the State exercising public and essential governmental functions, and the exercise by the corporation of the powers conferred by this act shall be deemed and held to be an essential governmental function of the State." NJT is also governed by a board composed of members including the Commissioner of Transportation, the State Treasurer, a member of the Executive Branch selected by the Governor, and additional public members appointed by the Governor. Id. at § 27.25-4(b) to (f). For these reasons, this Court should find that NJT is a political subdivision of the State for LMRA purposes. As such, any LMRA claim in Plaintiff's Complaint raised against NJT for breach of the CBA are not cognizable and Count One of the Complaint must be dismissed for failure to state a claim.

### POINT II

**COUNT TWO OF THE COMPLAINT MUST BE DISMISSED BECAUSE PERC HAS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S UNFAIR PRACTICE CHARGES UNDER THE EERA.**

The Legislature established the EERA as a comprehensive statutory and regulatory scheme to govern **all** labor and personnel matters for public employees. See N.J. Stat. Ann. §§ 34:13A-1 et seq. The Act empowered PERC to make policy and establish rules and regulations concerning employer-employee relations in public employment. In 1974, the Act was amended and PERC was granted the exclusive power and jurisdiction to prevent and remedy unfair labor practices by both employers and labor organizations. N.J.S.A 34:13-5.4(c); see also Galloway Twp. Bd. of Educ. v. Galloway Twp. Ass'n of Educ. Secretaries, 393 A.2d 207, 210 (1978); Hackensack v. Winner, 410 A.2d 1146, 1167 (N.J. 1980) ("The Legislature has accorded PERC 'exclusive power' to deal with unfair employer practices."); Del. River Port Auth. v. FOP, Penn-Jersey Lodge 30, (3d Cir. 200) ("Under N.J. Stat. Ann. § 34:13A–5.2, New Jersey's PERC has exclusive jurisdiction over all labor matters.") Section 5.4(c) of the Act grants PERC the adjudicatory power to prevent

unfair practices specified in §§ 5.4(a) and (b). In addition, "PERC has exclusive jurisdiction over collective bargaining agreements." Woodstown-Pilesgrove Reg'l School Dist. Bd. of Ed., 164 N.J. Super. 106, 108, 395 A.2d 884 (App. Div. 1978), aff'd 81 N.J. 582, 410 A.2d 1131 (1980).

In this instant matter, Plaintiff completely disregards PERC's exclusive jurisdiction regarding unfair labor practices by filing this matter in federal court. In Count Two of the Complaint, Plaintiff alleges that NJT terminated her because she exercised his right under the CBA to have a Union Representative present for a hearing. See Anderson Cert., Ex. A at ¶ 31. This claim falls squarely within the exclusive jurisdiction of PERC, specifically under N.J.S.A. 34:13A-5.4(a)(1) and (3) which provide that:

> a.    Public employers, their representatives or agents are prohibited from:
>
> (1) Interfering with, restraining or coercing employees in the exercise of the rights guaranteed to them by this act.
>
> ***
>
> (3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage employees in the exercise of the rights guaranteed to them by this act.

Plaintiff's Complaint, therefore, alleges an unfair labor practice against NJT, which falls under PERC's, as opposed to this Court's, exclusive jurisdiction, see N.J.S.A 34:13-5.4(c), and to find otherwise would impede on New Jersey's substantial interest in labor-management relations. See Local 54 Patrolman's Benevolent Association v. Fontoura, No. 06–6278, 2007 WL 4165158, at *4 (D.N.J. Nov.19, 2007) (recognizing the State's interest in using PERC to adjudicate labor disputes involving state law enforcement) (A copy of the opinion is attached to the Certification of Travis M. Anderson, Esq., as Exhibit C). Count Two of Plaintiff's Complaint, therefore, must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, NJT respectfully requests that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction.

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

By:    */s/ Travis M. Anderson*
Travis M. Anderson, Esq.

Dated: June 2, 2025

4901-3735-6361, v. 1

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Travis M. Anderson, Esq. – 272682019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
Attorneys for Defendant,
  *NJ Transit Bus Operations Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SINOWA JOHNSON, | Hon. Karen M. Williams, U.S.D.J. |
| Plaintiff, | Hon. Elizabeth A. Pascal, U.S.M.J. |
| v. | Civil Action No. 1:25-02528 (KMW/EAP) |
| NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880, | **DECLARATION OF COUNSEL** |
| Defendants. | |

Travis M. Anderson, of full age, having been duly sworn according to law, do of my own personal knowledge, make the following statements by way of declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.    I am licensed to practice law in the State of New Jersey and admitted to practice law before the United States District Court for the District of New Jersey.

2.    I am an Associate Attorney at the law firm of Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, attorneys for Defendant, NJ Transit Bus Operations, Inc. ("Defendants"), in the above-captioned matter. I submit this Declaration of Counsel in support of Defendant's motion to dismiss Plaintiff, Sinowa Johnson's ("Plaintiff") Complaint, with prejudice, for failure to state a claim and lack of subject matter jurisdiction, pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

3.    Attached hereto as **Exhibit A** is a true and accurate copy of Plaintiff's Complaint.

4.    Attached hereto as **Exhibit B** is a true and accurate copy of the unpublished opinion in Pue v. New Jersey Transit Corp., 22-2616, 2023 WL 2930298 (3d Cir. Apr. 13. 2023).

5.    Attached hereto as **Exhibit C** is a true and accurate copy of the unpublished opinion in Local 54 Patrolman's Benevolent Association v. Fontoura, No. 06-6278, 2007 WL 4165158, (D.N.J. Nov. 19, 2007).

I certify under the penalty of perjury that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


                                          _/s/ Travis M. Anderson_____
                                          Travis M. Anderson, Esq.

Dated: June 2, 2025

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------X

SINOWA JOHNSON,

                                **Case No.: 1:25-cv-02528**

            Plaintiff,

                                **<u>COMPLAINT</u>**

     -against-

NJ TRANSIT BUS OPERATIONS INC. d/b/a NJ
TRANSIT and ATU LOCAL 880,

                    Defendants.
----------------------------------------------------------------X

       The Plaintiff, Sinowa Johnson (hereinafter "Plaintiff" or "Johnson"), by and through his

attorneys, Sage Legal LLC, alleges and states as follows:

### PRELIMINARY STATEMENT & NATURE OF THE ACTION

1.     The Plaintiff brings this action against NJ Transit Bus Operations Inc. d/b/a NJ

Transit (hereinafter the "Employer") and ATU Local 880 (hereinafter "Local 880" or the

"Union") (the Employer and the Union collectively hereinafter the "Defendants") for violations

of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185, *et seq.*), the National

Labor Relations Act ("NLRA") (29 U.S.C. 151, *et seq.*), and the Employer-Employee Relations

Act ("EERA") (N.J.S.A. § 34:13A-1, *et seq.*).

2.     This is an action seeking damages: against Defendants for retaliation against the

Plaintiff for exercising her statutory rights under the NLRA as well as the EERA and against the

Union for breach of contract arising out of its failure to meet its duty of fair representation

required by the collective bargaining agreement ("CBA") and under the law.

### PARTIES

3.     Plaintiff is a citizen of the State of New Jersey, currently residing in the County of

Camden within the State of New Jersey.

4.      Plaintiff was an employee of the Employer, as defined by the NLRA, EERA, and

LMRA, as she worked for the Employer at all relevant times from in or about August 2022

through May 2024.

5.      The Employer is a New Jersey municipal entity with its corporate headquarters in

New Jersey.

6.      The Employer maintains offices and does business in New Jersey.

7.      The Employer is an employer as defined by the NLRA, EERA, and LMRA.

8.      Local 880 is a labor organization within the meaning of the New Jersey law and

the LMRA whose office is located in New Jersey.

9.      Local 880 is the duly recognized bargaining agent of employees, including the

Plaintiff, within the bargaining unit defined by the applicable CBA between the Employer and

Local 880.

**JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that

this is a civil action arising under numerous federal laws, including the NLRA and LMRA.

11.     This Court has supplemental jurisdiction over Plaintiff's related claims arising

under the EERA pursuant to 28 U.S.C. § 1367(a) because they are based on a common nucleus

of operative facts.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the

unlawful employment practices were committed in the District of New Jersey.

13.     Plaintiff complained to her Local 880 representative to file a grievance arising out

of her termination (as detailed further *infra*) in or about May 2024.

14.     On October 8, 2023, Plaintiff was notified by Local 880 that they dropped her case.

## FACTS

15.     For nearly two (2) years, Plaintiff dedicated herself tirelessly to the performance of her duties as an operator for the benefit of the Employer, and as a dues-paying member of Local 880.

16.     Throughout her tenure at the Employer, Plaintiff obtained exemplary performance reviews and has a virtually unblemished record of employment, rendering her qualified for her position.

17.     Plaintiff was a dues-paying member of the subject bargaining unit of the CBA.

18.     According to the CBA, employees may not be discharged except for just cause.

19.     In or about May 1, 2024, the Employer sought to unjustly suspend Plaintiff for ten (10) days without pay.

20.     When the Employer sought a meeting with Plaintiff concerning this adverse employment action, she sought union representation.

21.     Rather than permit her to do so, the Employer confronted Plaintiff in the corridor, screamed in her face, and threatened her termination, stating: "Come into my office right now, you don't even have a run, I will get you discharged."

22.     Plaintiff formally reported her concerns to the Union President, Vice President, and Manager, seeking intervention and a fair resolution regarding the unfair labor practices and retaliatory actions she had experienced.

23.     Instead of resolving the matter appropriately, Plaintiff was officially terminated on May 1, 2024, shortly after she sought assistance from the Union and complained about the Employer's conduct.

24.     To add insult to injury, Local 880 altogether failed to take any action to grieve Plaintiff's termination, despite repeated requests that the Union do so.

25.     As discussed above, on October 8, 2023, the Union abruptly dropped Plaintiff's grievance and failed to fairly represent her as is required by the CBA and under the law.

**COUNT ONE**

**Breach of Contract & Duty of Fair Representation in Violation of LMRA § 301**

**(against All Defendants)**

26.     Plaintiff hereby repeats and realleges paragraphs 1 through 22 of the Complaint as if more fully set forth herein.

27.     The Employer and the Union acted in violation of the CBA by terminating Plaintiff without just cause.

28.     Local 880 acted in an arbitrary and capricious manner and in bad faith without regard to the duty of fair representation owed to Plaintiff regarding Plaintiff's termination by the Employer.

29.     As a result of the Defendants' respective breaches, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

4

## COUNT TWO

### Violation of the Employer-Employee Relations Act (N.J.S.A. § 34:13A-1, *et seq.*)

### (against All Defendants)

30.     Plaintiff hereby repeats and realleges paragraphs 1 through 26 of the Complaint as
if more fully set forth herein.

31.     Plaintiff engaged in protected activity when she requested the right to have her
union representative present.

32.     The Employer knew that Plaintiff engaged in protected activity.

33.     The Employer terminated Plaintiff due to her request.

34.     Based on the close temporal proximity between Plaintiff's protected activity and
her termination, the termination occurred under circumstances giving rise to retaliation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory

prejudgment and post-judgment interest;

C. Award to Plaintiff front pay (including benefits);

D. Award to Plaintiff liquidated damages incurred in connection with this action, equal to

the sum amount of backpay and interest or as otherwise provided by the causes of action;

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with

this action;

F. Award to Plaintiff compensatory damages;

G. Award to Plaintiff punitive damages; and

H. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury

pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Jamaica, New York
     April 8, 2025            Respectfully submitted,

                      **SAGE LEGAL LLC**

                      */s/ Emanuel Kataev, Esq.*
                      Emanuel Kataev, Esq.
                      18211 Jamaica Avenue
                      Jamaica, NY 11423-2327
                      (718) 412-2421 (office)
                      (917) 807-7819 (cellular)
                      (718) 489-4155 (facsimile)
                      emanuel@sagelegal.nyc

                      *Attorneys for Plaintiff*

ILND 44 (Rev. 09/20) Case 1:25-cv-02528-KMW-EAP Document 1 Filed 04/08/25 Page 18 of 19 PageID:

**JS 44 CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Johnson, Sinowa | NJ Transit Bus Operations Inc. d/b/a NJ Transit, ATU Local 880 |

**(b)** County of Residence of First Listed Plaintiff  Camden
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note:  In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*
Emanuel Kataev, Esq., Sage Legal LLC,
18211 Jamaica Avenue, Jamaica, NY 11423-2327
T: (718) 412-2421

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Check one box, only.)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question *(U.S. Government not a party.)*
- [ ] 4  Diversity *(Indicate citizenship of parties in Item III.)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 510 Motions to Vacate Sentence | [ ] 710 Fair Labor Standards Act | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 530 General | [ ] 720 Labor/Management Relations | [ ] 376 Qui Tam (31 USC 3729 (a)) |
| | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical | [ ] 535 Death Penalty | | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | **Other:** | [ ] 740 Railway Labor Act | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 540 Mandamus & Other | [ ] 751 Family and Medical Leave Act | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | | [ ] 550 Civil Rights | [ ] 790 Other Labor Litigation | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | | [ ] 555 Prison Condition | [ ] 791 Employee Retirement Income Security Act | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loan (Excludes Veterans) | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 560 Civil Detainee - Conditions of Confinement | | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Veteran's Benefits | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | **PROPERTY RIGHTS** | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | | [ ] 820 Copyright | Protection Act (TCPA) |
| [ ] 190 Other Contract | | [ ] 385 Property Damage Product Liability | | [ ] 830 Patent | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | | [ ] 840 Trademark | [ ] 890 Other Statutory Actions |
| | | | | [ ] 880 Defend Trade Secrets Act of 2016 (DTSA) | [ ] 891 Agricultural Arts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 422 Appeal 28 USC 158 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 861 HIA (1395ff) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 423 Withdrawal 28 USC 157 | [ ] 690 Other | [ ] 862 Black Lung (923) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations | **IMMIGRATION** | | [ ] 864 SSID Title XVI | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/ Disabilities- Employment | [ ] 462 Naturalization Application | | [ ] 865 RSI (405(g)) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | |
| | [ ] 448 Education | [ ] 465 Other Immigration Actions | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | [ ] 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** *(Check one box, only.)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District (specify)
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION** ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)
LMRA, NLRA, EERA; Plaintiff alleges violations of LMRA, NLRA, EERA

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court.  Use a separate attachment if necessary.)

| VIII. REQUESTED IN COMPLAINT: | [ ] Check Yes if this is a **class action** under Rule 23, F.R.CV.P. | Demand $ | CHECK Yes only if demanded in complaint: Jury Demand: [x] Yes [ ] No |
|---|---|---|---|

**IX. RELATED CASE(S) IF ANY** *(See instructions):*  Judge                    Case Number

**X.  Is this a previously dismissed or remanded case?**  [ ] Yes  [ ] No  If yes, Case #          Name of Judge

Date:  04/08/2025          Signature of Attorney of Record  /s/ Emanuel Kataev

Case 1:25-cv-02528-KMW-EAP     Document 26-4     Filed 08/08/25     Page 27 of 41 PageID:
Case 1:25-cv-02528-KMW-EAP     Document 8-13     Filed 04/08/25     Page 29 of 29 PageID:
814

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
    **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
    **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the
citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity
cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this
section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code
that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing
date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or
multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to
changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional
statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket
numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT B

Pue v. New Jersey Transit Corporation, Not Reported in Fed. Rptr. (2023)

2023 WL 2930298
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

Anthony B. PUE, Appellant

v.

NEW JERSEY TRANSIT CORPORATION

No. 22-2616
|
Submitted Pursuant to Third
Circuit LAR 34.1(a) April 3, 2023
|
(Opinion filed: April 13, 2023)

On Appeal from the United States District Court for
the District of New Jersey (D.C. Civil Action No. 3:21-
cv-13557), District Judge: Honorable Freda L. Wolfson

**Attorneys and Law Firms**

Anthony B. Pue, Ewing Township, NJ, Pro Se.

Paul T. Szypiotko, Esq., Office of Attorney General of New
Jersey, Newark, NJ, for New Jersey Transit Corporation.

Before: HARDIMAN, PORTER, and FREEMAN, Circuit
Judges

OPINION[*]

PER CURIAM

**\*1** Pro se Appellant Anthony Pue appeals from the District
Court's judgment dismissing his action for lack of subject-
matter jurisdiction. For the reasons set forth below, we will
affirm the District Court's judgment.

I.

Pue, a former bus operator for the New Jersey Transit
Corporation ("NJ Transit"), initiated this action in July 2021
and filed an amended complaint later that month, alleging
that NJ Transit failed to make certain pension payments after
he retired in 2017 due to debilitating work-related injuries.[1]
According to Pue, he was a party to an agreement with NJ

Transit entitling him to payments for his disability pension,
vacation time, and holidays. He claimed that NJ Transit
committed breach of contract in failing to make the required
payments.

After NJ Transit failed to plead or otherwise respond, the
District Court Clerk entered default. Pue later filed a motion
for a default judgment against NJ Transit, and the following
month, NJ Transit's attorney filed a letter with the District
Court requesting additional time to respond, explaining that
a change of attorneys and problems with the PACER system
prevented a timely response. The District Court granted the
request, and NJ Transit filed a motion to vacate the default
and to dismiss for lack of jurisdiction shortly thereafter. NJ
Transit argued that dismissal was warranted because: (1) Pue's
claim was barred by the Rooker-Feldman doctrine because
Pue unsuccessfully raised essentially the same breach-of-
contract claim in state court; and (2) NJ Transit is immune
from suit under the Eleventh Amendment. Pue opposed the
motion to vacate and to dismiss and, several weeks later, he
filed a motion for summary judgment in which he relied on
the defendant's failure to timely plead.

The District Court denied Pue's motion for default judgment
and motion for summary judgment and granted NJ Transit's
motion to vacate the default and to dismiss Pue's complaint,
albeit for different reasons than those asserted by NJ Transit.
Specifically, although Pue only explicitly asserted a state-
law breach-of-contract claim, the District Court construed
the complaint liberally and determined that he was arguably
also attempting to assert a violation of a collective bargaining
agreement under the Labor Management Relations Act
("LMRA"), 29 U.S.C. § 185(a), and a claim for collection of
benefits under the Employee Retirement Income Security Act
("ERISA"), 29 U.S.C. § 1132(a). However, the District Court
determined that NJ Transit could not be sued under the LMRA
or ERISA. Likewise, the District Court reasoned that it did
not have diversity jurisdiction under 28 U.S.C. § 1332, and it
declined to exercise supplemental jurisdiction over the state-
law breach-of-contract claim. Pue timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We
exercise plenary review over dismissal for lack of subject-
matter jurisdiction. See Koval v. Wash. Cnty. Redevelopment
Auth., 574 F.3d 238, 241 (3d Cir. 2009). A district court's
decision to set aside the entry of default and its refusal to enter

Pue v. New Jersey Transit Corporation, Not Reported in Fed. Rptr. (2023)

a default judgment are reviewed for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

III.

**\*2** Pue first argues that the District Court erred in denying his motion for a default judgment and granting NJ Transit's motion to vacate the default entered by the Clerk. We do not favor entry of default judgments, see $55,518.05 in U.S. Currency, 728 F.2d at 194-95, and a district court may set aside a default "for good cause," see Fed. R. Civ. P. 55(c). Here, as discussed further below, the District Court properly concluded that it lacked subject-matter jurisdiction over Pue's claims. Thus, it correctly granted NJ Transit's motion to vacate the default and denied Pue's motion for a default judgment. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); see also $55,518.05 in U.S. Currency, 728 F.2d at 195 (noting that "[t]he threshold question" in deciding whether a default should be set aside "is whether [the defendant] has established a meritorious defense").[2]

As noted, the District Court liberally construed Pue's pleadings and determined that he arguably asserted claims under the LMRA and ERISA.[3] It concluded, however, that NJ Transit could not be sued under either statute. Specifically, the LMRA excludes from its definition of "employer[s]" covered under the act "any State or political subdivision thereof." 29 U.S.C. § 152(2). Likewise, ERISA exempts from its coverage "governmental plan[s]," which it defines in part as those established or maintained by "any State or political subdivision thereof, or by any agency or instrumentality of the foregoing." 29 U.S.C. §§ 1002(32), 1003(b)(1). An entity constitutes a "political subdivision if it was 'either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.' " Crilly v. Se. Pa. Transp. Auth., 529 F.2d 1355, 1358 (3d Cir. 1976) (quoting NLRB v. Nat. Gas Util. Dist., 402 U.S. 600, 604-05 (1970)) (applying test to LMRA claim); see also Koval, 574 F.3d at 241 (applying NLRB test to ERISA claim). We treat this test as jurisdictional. See Crilly, 529 F.2d at 1357; Koval, 574 F.3d at 244.

Pue does not raise any arguments in his opening brief to refute the conclusion that NJ Transit is a political subdivision exempt from the LMRA and ERISA. Even if the issue were not forfeited, see M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020), however, we agree with the District Court's conclusion. NJ Transit is "allocated within the Department of Transportation," and is "constituted as an instrumentality of the State exercising public and essential governmental functions." N.J. Stat. Ann. § 27:25-4(a). And it is governed by a board composed of members including the Commissioner of Transportation, the State Treasurer, a member of the Executive Branch selected by the Governor, and additional public members appointed by the Governor. Id. § 27.25-4(b). In both Crilly and Koval, we held that the defendants constituted political subdivisions under similar circumstances. See Crilly, 529 F.2d at 1358 (emphasizing that defendant SEPTA was created as an agency or instrumentality of the Commonwealth of Pennsylvania and was governed by a board composed of members appointed by the Governor, mayor of Philadelphia, and county commissioners); Koval, 574 F.3d at 243 (reasoning that defendant was established by statute as "a public body, corporate and politic, exercising public powers of the Commonwealth *as an agency thereof*" (citation and internal quotation marks omitted)). Thus, to the extent that Pue's pleadings can fairly be construed as raising claims under the LMRA and ERISA, we agree with the District Court's conclusion that it lacked subject-matter jurisdiction over these claims.

**\*3** Pue devotes much of his brief on appeal to raising constitutional and civil rights claims, most of which were not alluded to, let alone raised, in the District Court. As a litigant may not raise new claims for the first time on appeal, we will not consider them. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). Two of the claims raised in Pue's opening brief warrant further discussion, however. First, Pue contends that NJ Transit violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by failing to make the disability pension payments. He suggests that the District Court should have construed his pleadings as raising this claim because he indicated, on his civil cover sheet, that his suit arose under the ADA. However, as Pue did not reference the ADA or make any factual allegations that could support an ADA claim in any iteration of his complaint or amended complaint, we cannot conclude that the District Court erred by not construing his pleadings as raising such a claim.[4]

Pue v. New Jersey Transit Corporation, Not Reported in Fed. Rptr. (2023)

Second, Pue argues that NJ Transit discriminated against him because it has provided Caucasian employees who suffered work-related injuries with pensions but has denied disability pensions to some African American employees, including Pue. As these factual allegations appeared nowhere in Pue's pleadings, the District Court was not obligated to consider them.[5]

Finally, having properly dismissed Pue's potential federal claims, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law breach-of-contract claim. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999). A court may decline to exercise supplemental jurisdiction "under 28

U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction." Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017). As Pue's pleadings demonstrated that both parties are citizens of New Jersey, the District Court correctly noted that the diversity of citizenship required to confer jurisdiction under 28 U.S.C. § 1332 is lacking.

Accordingly, we will affirm the judgment of the District Court. Pue's motion to strike the Appellee's brief is denied.

**All Citations**

Not Reported in Fed. Rptr., 2023 WL 2930298

### Footnotes

*   This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1   Pue also filed a second amended complaint in October 2021. The District Court appeared to consider only the first amended complaint. Both iterations of the complaint raised essentially the same claims, however.

2   For similar reasons, the District Court did not err in denying Pue's motion for summary judgment.

3   The LMRA provides a cause of action for the violation of a collective bargaining agreement, see 29 U.S.C. § 185(a), while ERISA allows "plan beneficiaries and participants to recover benefits due under a plan or to enforce the terms of the plan," Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co., 967 F.3d 218, 226 (3d Cir. 2020).

4   Even in his brief on appeal, Pue does not raise allegations that NJ Transit discriminated against him because of his disability as required to support an ADA claim. See 42 U.S.C. § 12112(a). Rather, he merely argues that NJ Transit improperly denied his request for disability pension payments, apparently because it determined that he did not meet the requirements for an award.

5   We note that Pue filed an "Amended Statement of Claim" in June 2022 in which he raised the same allegations. While the District Court arguably could have construed this document as a motion for further leave to amend the complaint to include a Title VII claim, any error in failing to do so was harmless, as Pue's allegations lacked sufficient factual matter to establish a plausible inference that he was denied benefits because of his race. See EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (noting "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, ... it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed" (alterations and citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (providing that allegations must establish "more than the mere possibility of misconduct" to survive dismissal).

End of Document

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:25-cv-02528-KMW-EAP     Document 26-4     Filed 08/08/25     Page 32 of 41 PageID:
Case 1:25-cv-02528-KMW-EAP     Document 18-3     Filed 06/02/25     Page 14 of 20 PageID:
193
69

# EXHIBIT C

Local 54 Patrolman's Benev. Ass'n v. Fontoura, Not Reported in F.Supp.2d (2007)

2007 WL 4165158
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

LOCAL 54 PATROLMAN'S
BENEVOLENT ASSOCIATION, Plaintiff,
v.
Armando B. FONTOURA, individually
and as Sheriff of Essex County; Joseph
Divincenzo, Jr., individually and as
Essex County Executive; John Does 1–
10; and County of Essex, Defendants.

Civil Action No. 06–6278 (SDW).
|
Nov. 19, 2007.

**Attorneys and Law Firms**

George J. Cotz, Lydia B. Cotz, Cotz & Cotz, Esqs., Mahwah, NJ, for Plaintiff.

Peter J. Cammarano, III, Sandro Polledri, Genova, Burns & Vernoia, Esqs., Livingston, NJ, for Defendants.

**OPINION**

WIGENTON, District Judge.

*1 Before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's Motion to Amend the First Amended Complaint. The Court, having considered the parties' submissions and heard oral argument on November 1, 2007, and for the reasons set forth below, **GRANTS** Defendants' motion on *Younger* abstention grounds, and **DENIES** Plaintiff's motion as moot.

**I. JURISDICTION and VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under 42 U.S.C. §§ 1983 and 1985, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims. Venue is proper under 28 U.S.C. § 1391.

**II. BACKGROUND and FACTS**

The instant matter concerns a merger of the Essex County Police Department[1] ("ECPD") and the Essex County Sheriff's Department ("ECSD"). The ECPD operates under the State's Civil Service rules and statutes. (Am.Compl.¶ 9.) In 1997, the Essex County Board of Chosen Freeholders transferred authority over the ECPD to the ECSD, ordering that "the Sheriff shall have, exercise and discharge the functions, powers and duties of the [County Police Department]." (Am. Compl. ¶ 23; Essex County Freeholders Ordinance No. 0–97–0006.) The ordinance was properly ratified and adopted on April 9, 1997. (Def.'s Reply Ex. A.)

On July 26, 2004, Plaintiff filed a grievance against Defendants with the New Jersey Public Employment Relations Committee ("PERC") regarding health insurance benefits under its collective bargaining agreement. PERC Docket No. CO–2005–017. The record does not indicate the current status of this matter. Beginning in 2005, Sheriff Fontoura assigned ECSD officers to cover shifts that should have been filled by ECPD officers according to the latter's union contract. (Am.Compl.¶¶ 29–30.) Plaintiff filed second and third grievances against Defendants with PERC on January 20, 2005 and August 4, 2005 under its collective bargaining agreement and was issued a favorable ruling by an independent arbitrator on February 8, 2006. *See* (Am.Compl.¶ 31); PERC Docket Nos. CO–2005–192. AR–2006–109. On April 28, 2006, Plaintiff filed an action before the Chancery Division of the New Jersey Superior Court, Docket No. ESX–C–158–06, to confirm this arbitration award, and on May 2, 2006, Defendants ECSD and County of Essex appealed the arbitrator's decision by way of their own independent action to the Chancery Division of the New Jersey Superior Court, Docket No. ESX–C–134–06. The parties, however, agreed to dismiss both matters without prejudice on February 26, 2007 purportedly pending resolution of the current litigation.

In June 2006, Sheriff Fontoura issued an administrative order updating the organizational structure of the ECSD, effectively converting all ECPD officers into ECSD officers. (Am. Compl. ¶ 33; Def.'s Mot. 3.) On August 30, 2006, Plaintiff filed a fourth unfair practice charge against Defendants before PERC alleging that this order was in retaliation for Plaintiff's 2005 grievances. (Def.'s Mot. 4.) After reviewing the parties' submissions in the matter, PERC ordered a plenary hearing in August 2006. *See* (Def .'s Mot. 5); *County of Essex and Essex County PEA Local No. 54,* 32 NJPER 125 (Sept. 20,

Local 54 Patrolman's Benev. Ass'n v. Fontoura, Not Reported in F.Supp.2d (2007)

2006). The record does not indicate the current status of this matter. As no evidence has been presented to the contrary, the Court must assume based on the current motion record that the matter is still pending for purposes of the instant adjudication.

**\*2** From 2006 to 2007, the New Jersey Department of Personnel ("DOP") conducted a full administrative review of the merger, specifically its impact upon promotional opportunities, testing, job titles, and seniority for County Police Officers. *See I/M/O County Police Officers, Essex County Sheriff's Office*, DOP Docket No. 2007–1525 (Apr. 12, 2007). After reviewing the party's submissions, the DOP entered a final administrative action on April 12, 2007 finding that the merger did not have any adverse effects on any of the aforementioned areas, but ordered that ECPD officers be provided lateral title changes. (Def.'s Mot. 6.) The last day for filing an appeal of this decision with the Appellate Division was on or about May 29, 2007. (Def.'s Mot. 7.) The Court is unaware of any appeal having been filed according to the motion record.

Plaintiff filed its First Amended Complaint on January 11, 2007 alleging, *inter alia:* (1) violation of Plaintiff's substantive and procedural due process rights, individually and in a conspiracy, with respect to seniority, civil service test scores, assignments, overtime and merit promotions, and training and supervision in violation of 42 U.S.C. §§ 1983, 1985 (Counts 1–2, 9); (2) retaliation, individually and in a conspiracy, in response to Plaintiff's freedom of expression and association in violation of 42 U.S.C. §§ 1983, 1985 (Counts 3–6); (3) that the 1997 merger was unlawful and thereby void *ab initio* pursuant to the doctrine of legislative equivalency (Count 7); and (4) violation of the parties' collective bargaining agreement (Count 8).

Defendants subsequently filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed opposition to Defendants' motion and a separate motion to amend its complaint for a second time in an effort to cure an apparent pleading defect. The Court heard oral argument on November 1, 2007, during which Plaintiff's counsel argued the novel point that its suit was based on Plaintiff's members' political canvassing in 2006, and that it had voluntarily withdrawn from PERC to avoid any abstention claim.

### III. *LEGAL STANDARD*

The Court must review Defendants' Motion to Dismiss according to the standard set forth in Federal Rule of

Civil Procedure 12(b)(6). The court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the Plaintiff. *Warth v. Seldin,* 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 483 (3d Cir.1998). Generally, when reviewing a 12(b)(6) motion, the court may only consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993). The court, however, may consider documents attached to, integral to, or relied upon by the complaint. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997). The court may also take judicial notice of relevant legal proceedings. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 426 (3d Cir.1999). A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump,* 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Serv., Inc.,* 135 F.3d 389, 405–06 (6th Cir.1998).

### IV. *DISCUSSION*

**\*3** Defendants' Motion to Dismiss argues that Plaintiff's claims are barred by the *Younger* abstention doctrine, which discourages federal interference with pending state proceedings.[2] In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court affirmed the longstanding policy discouraging federal court interference with state proceedings in the interests of equity, comity and federalism. *Id.* at 43–45. *Younger* applies to criminal, civil and administrative state proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.,* 477 U.S. 619, 627 (1986). Federal courts invoke the *Younger* doctrine and abstain where: (1) there is a pending state proceeding that is judicial in nature; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords the complainant an adequate opportunity to raise constitutional issues. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *O'Neill v. City of Philadelphia,* 32 F.3d 785, 789 (3d Cir.1994), *cert. denied,* 514 U.S. 1015(1995).

Local 54 Patrolman's Benev. Ass'n v. Fontoura, Not Reported in F.Supp.2d (2007)

The first element of *Younger* requires there to be a pending state proceeding that is judicial in nature. A "pending proceeding" is one that has already commenced rather than one that is "merely incipient or threatened." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607 (1975). During oral argument, Plaintiff argued that there were no "pending" state proceedings because the matters before PERC and the New Jersey Chancery Court were voluntarily dismissed in lieu of the present action.[3] Plaintiff's contention, however, is precluded by *O'Neill,* in which the Third Circuit held that:

> "[S]tate proceedings remain 'pending,' within the meaning of *Younger* abstention, ... where adequate state-court judicial review of the administrative determination is available to the federal claimants, and where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action."

32 F.3d at 791. Here, the DOP initiated an administrative review of the merger in or around June 2006 at Plaintiff's behest regarding its impact on promotional opportunities, testing, job titles and seniority for County Police Officers, issuing a final administrative determination on April 12, 2007. Pursuant to N.J. Ct. R. 2:2–3(a)(2) and 2:4–1(b), Plaintiff could have appealed the matter as of right to the Appellate Division. It did not. As the Third Circuit stated in *O'Neill,* "a necessary concomitant of *Younger* is that a party [wishing to contest in federal court the judgment of a state judicial tribunal] must exhaust his state appellate remedies before seeking relief in the District Court.' " 32 F.3d at 790 (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 369 (1989)). As the DOP matter was an appealable administrative proceeding initiated by Plaintiff, the proceeding remains a "pending" state proceeding for *Younger* abstention purposes.

**\*4** Administrative proceedings and hearings have long sufficed as "judicial in nature." *Dayton Christian,* 477 U.S. at 627, 627 n. 2 (citing cases where lower courts were "virtually uniform in holding that the Younger principle applies to pending state administrative proceedings in which an important state interest is involved"); *Zahl v. Harper,* 282 F.3d 204, 209 (3d Cir.2002). Only proceedings that "fail to 'rise to the level of adjudication' " are considered not "judicial in nature." *Zahl,* 282 F.3d at 209 (citation omitted). The DOP conducts hearings and reviews the written record in matters before it, N.J. Stat. Ann. § 11 A:2–6(a), (b); the proceedings may result in a final judgment or adjudication, *id.;* and this judgment is subject to appellate review as of right, N.J. Ct. R.

2:2–3(a)(2). The Court need not belabor the point. The Third Circuit unequivocally stated in *O'Neill* that there is "no reason why a litigant in a state administrative proceeding should be permitted to forego state-court judicial review of the agency's decision in order to apply for relief in federal court," and that "state appellate review of a state court judgment must be exhausted before federal court intervention is permitted." 32 F.3d at 791–92. As the prior DOP proceeding is a pending state proceeding that is judicial in nature, Defendants satisfy the first element of *Younger* abstention.

Alternatively, Plaintiff's PERC claims appear to remain open to this date, while its claims before the Chancery Division were voluntarily dismissed without prejudice and thus, subject to vacation. Plaintiff cannot simply abandon its chosen state and administrative paths in hopes of receiving a better result before this Court. See *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 16 n. 15 (1987) (holding that defendant "cannot escape *Younger* abstention by failing to assert its state remedies in a timely manner"); *Schall v. Joyce,* 885 F.2d 101, 107 (3d Cir.1989) ("[O]ne might argue that the state proceedings do not afford [the plaintiff] an adequate opportunity to raise her federal claims. The Supreme Court, however, ... [has] held that one 'cannot escape *Younger* abstention by failing to assert ... remedies in a timely manner [in state court].' " (citation omitted)). To permit such judicial manipulation would be tantamount to forum shopping and in direct contravention of state and administrative efficiency.

The second element of *Younger* requires that the state proceeding implicate important state interests. This element rests on the vital consideration of comity, which necessarily includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways ." *Younger,* 401 U.S. at 44. In making this inquiry, the Court must examine the "importance of the generic proceedings to the State," rather than the state's narrow interest in the outcome of the particular case. *O'Neill,* 32 F.3d at 791–92 (citing *Council of New Orleans,* 491 U.S. at 364–65 (1989)). That New Jersey has the most substantial interest in labor-management relations involving state law enforcement officers is irrefutable. Furthermore, any federal interest is very minimal, if at all, and is substantially outweighed by New Jersey's overriding interest in the present matter. New Jersey has established a comprehensive statutory and regulatory scheme to govern labor and personnel matters

Local 54 Patrolman's Benev. Ass'n v. Fontoura, Not Reported in F.Supp.2d (2007)

for public employees. *See N.J. Stat. Ann. §§ 34:13A–1 et seq., 11A:1–1 et seq.* It has created PERC and DOP to enforce and carry out the legislative mandates of these statutes. To interfere in its operation would be to engage in the sort of judicial action that *Younger* and its progeny explicitly prohibit. "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interpositions of the constitutional claims.' " *Middlesex,* 457 U.S. at 432 (quoting *Moore v. Sims,* 442 U.S. 415, 423 (1979)). As New Jersey unequivocally has the most substantial interest in the operation and management of its labor and personnel force for public employees, Defendants satisfy the second element of *Younger* abstention.

**\*5** The third element of *Younger* requires that the state proceeding afford the complainant an adequate opportunity to raise constitutional issues. In the context of a state administrative proceeding, this element is satisfied "when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *O'Neill,* 32 F.3d at 792; *accord Dayton Christian,* 477 U.S. at 629; *Middlesex,* 457 U.S. at 436. Plaintiff has the exclusive burden to establish that "state procedural law barred presentation of its claims" in an administrative action or before the state courts. *Schall,* 885 F.2d at 107 (quoting *Pennzoil,* 481 U.S. at 14); *accord Anthony v. Council,* 316 F.3d 412, 422 (3d Cir.2003). Furthermore, when a claimant fails to present its federal claims in a "related state-court proceeding[ ], a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary" and abstain. *O'Neill,* 32 F.3d 785 (quoting *Pennzoil,* 481 U.S. at 15). Plaintiff has utterly failed to carry its burden on this critical point, and thus, its federal claims are *prima facie* barred from being presented to this Court.

Regardless, Defendants contend that Plaintiff would have encountered no difficulty adjudicating its federal claims at the state level either before the state courts, PERC or DOP. The Court agrees. There is no plenary "right of access to a federal forum for the disposition of all issues," and considerations underlying *Younger* specifically militate against the availability of a "federal forum ... prior to the completion of the state proceedings in which the federal" issues arise. *Huffman,* 420 U.S. at 607, 607 n. 18. Defendants refer specifically to *Hunterdon Central High School Board of Education v. Hunterdon Central High School Teachers' Association,* 416 A.2d 980 (N.J.Super.Ct.App.Div.1980), *aff'd,* 429 A.2d 354 (N.J.1981), which held that PERC,

or any other administrative agency, is "competent to pass upon constitutional issues germane to proceedings before" it in order to "better focus the issues for judicial review." *Id.* at 983 (citing *Alcala v. Wyoming State Bd. of Barber Exam'r,* 365 F.Supp. 560, 564 (D.Wyo.1973)). The DOP is statutorily charged to administer and regulate a personnel system for the State. N.J. Stat. Ann. § 11A:1–2. Applicable DOP regulations prohibit an "appointing authority" to take (or threaten to take) retaliatory action against a public employee based on their "political activities or affiliation." NJ. Admin. Code § 4A:2–5.1(b). As the DOP proceeding specifically concerned the ECPD–ECSD merger and its various personnel aspects, Plaintiff's putative claims of retaliation for political activities and affiliation were certainly "germane to the proceedings" and therefore should have been presented to DOP for consideration.

**\*6** Plaintiff disputes PERC and DOP's authority and ability to hear its federal claims and points to *I/M/O Board of Education of Town of Boonton,* 494 A.2d 279 (N.J.1985), as supporting the proposition that constitutional issues are the exclusive province of the Courts. (Pl.'s Opp'n 7.) In *Boonton,* however, the court explicitly held that the administrative agency's abstention was proper because it related to an issue that "was not relevant to matters within its jurisdiction." *Boonton,* 494 A.2d at 285. Plaintiff also points to *Christian Brothers Institute of New Jersey v. Northern New Jersey Interscholastic League,* 432 A.2d 26, 29 (N.J.1981), as supporting the proposition that "failure to raise constitutional issues before [the administrative agency], where they could not be addressed in any event, [is] not fatal." (PL's Opp'n 7.) The *Christian Bros.* court, however, noted that even if the plaintiff in that case was not able to raise the constitutional issue before the administrative agency, the "proper procedure was to raise these claims before the Appellate Division upon appeal from" the adverse action. 432 A.2d at 29; *accord Middlesex,* 457 U.S. at 426, 435 ("Abstention is based upon the theory that '[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection." (quoting *Younger,* 401 U.S. at 45)); *Dayton Christian,* 477 U.S. at 629 ("[I]t is sufficient ... that constitutional claims may be raised in state-court judicial review of the administrative proceeding.")

As such, even if PERC and DOP refused to entertain Plaintiff's retaliation claims on the grounds that it was not competent to hear such matters, the proper procedure was

for Plaintiff to appeal the matter to the Appellate Division
and then the Supreme Court. *O'Neill,* 32 F.3d at 793 ("In any
event, it is undisputed that [plaintiffs] could have raised their
constitutional arguments before the administrative review
board, again in the state-court appellate process, to and
through the Pennsylvania Supreme Court, and, ultimately,
before the United States Supreme Court."); *accord Anthony,*
316 F.3d at 422; *Huffman,* 420 U.S. at 608 ("[R]egardless of
when the Court of Common Pleas' judgment became final,
we believe that a necessary concomitant of Younger is that
a party in appellee's posture must exhaust his state appellate
remedies before seeking relief in the District Court...."); *Zahl,*
282 F.3d at 210 (holding that the third prong of Younger
was satisfied where plaintiff could "assert his [constitutional]
claim in the administrative proceeding itself and ... have it
reviewed by the New Jersey Appellate Division"); *see also
Schall,* 885 F.2d at 107; *Dayton Christian,* 477 U.S. at 629;
*Middlesex,* 45 U.S. at 437 ("It would trivialize the principles
of comity and federalism if federal courts failed to take
into account that an adequate state forum for all relevant
issues has clearly been demonstrated to be available prior
to any proceedings on the merits in federal court."). Here,
Plaintiff knowingly, voluntarily, and intentionally chose not
to pursue the instant claims at the state and administrative
levels. Therefore, Plaintiff is barred from presenting them to
this Court under *Younger.* Plaintiff further failed to raise these
claims in state court despite being party to two pending state
court actions. Thus, any argument that Plaintiff did not have
an adequate opportunity to present its constitutional claims in
state proceedings is untenable. Plaintiff cannot impermissibly
seek to "bypass the state system and to seek relief in federal
court" where it had ample opportunity to raise its federal
claims in the administrative proceedings, where it had the
right to appeal any adverse decision to higher courts, and
where there exists no extraordinary circumstance that would

make abstention inappropriate. *Anthony,* 316 F.3d at 420–21;
*see also Middlesex,* 457 U.S. at 435; *Pennzoil,* 481 U.S. at 15.
Accordingly, Defendants have satisfied the third element of
*Younger* abstention.[4]

**\*7** In sum, Defendants have sufficiently established the
requisite elements of the *Younger* abstention doctrine.
Plaintiff has failed to carry its burden in demonstrating its
inapplicability or that state procedural law bars presentations
of its instant claims. Consequently, the Court abstains under
*Younger* from considering the merits of Plaintiff's complaint,
and dismisses the action so that Plaintiff's claims can continue
to be litigated to conclusion at the state level (to the extent
allowed by law).[5] The Court also rejects Plaintiff's latent
attempt, by way of motion to amend its complaint for a second
time, to cure an apparent standing defect and join as parties
its individual members. The issue of amending the complaint
is moot.

## V. CONCLUSION

For all the reasons set forth above, the Court **GRANTS**
Defendants' Motion to Dismiss Plaintiff's Complaint pursuant
to Federal Rule of Civil Procedure 12(b)(6) on *Younger*
abstention grounds and **DENIES** Plaintiff's Motion to Amend
the First Amended Complaint in its entirety with prejudice as
moot. Plaintiff's complaint is dismissed in its entirety without
prejudice and the Clerk of the Court shall remove this case
from the Court's active docket.

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4165158

## Footnotes

1   The ECPD was formerly the Essex County Park Police ("ECPP"). (Am.Compl.¶ 7, 10.)

2   Defendants' motion to dismiss also contains a myriad of other arguments that if credited, might result in dismissal of
    some or all of Plaintiff's claims. *See infra* note 5.

3   The Court notes that when Plaintiff's counsel was directly questioned at oral argument as to whether any documentation
    or evidence existed to definitively demonstrate Plaintiff's putative claim that the four PERC matters referenced herein
    were dismissed, Plaintiff's counsel responded that she was not in possession of any such evidence and she was
    unsure if any such evidence even existed. To the Court's surprise, post-oral argument Plaintiff's counsel forwarded
    unsolicited correspondence to the Court (which incidentally referenced a fifth previously undisclosed purportedly inactive
    PERC matter under Docket No. CO–2007–067) along with PERC's June 29, 2007 letter addressed to Plaintiff's counsel
    regarding PERC Docket No. CO–2005–017. PERC's letter indicates that the matter is still active despite being filed nearly

Local 54 Patrolman's Benev. Ass'n v. Fontoura, Not Reported in F.Supp.2d (2007)

three years prior, but that it will be dismissed on July 13, 2007 for lack of prosecution if Plaintiff's counsel takes no action to pursue Plaintiff's claim. The letter further sets forth that Plaintiff's counsel retains the right to move to vacate any such dismissal on motion. Most notably, Plaintiff's counsel has not provided the Court with any documentation regarding dismissal of any other PERC matters, nor did Plaintiff's briefs even dispute Defendants' satisfaction of the first two elements of the *Younger* abstention doctrine. *See* (Pl.'s Opp'n 6–8.)

4    The Court notes that Plaintiff continues to have the right to appeal the PERC determination, as it is still apparently pending, and raise its federal claims before the Appellate Division.

5    Were the Court to consider the merits of Plaintiff's complaint, seemingly every individual count may be subject to dismissal. By way of example, Plaintiff's substantive and procedural due process claims are apparently time-barred by the applicable two-year statute of limitations as they pertain to events taking place in 1997. Furthermore, the doctrines of res judicata and collateral estoppel likely preclude the Court from re-litigating matters that were previously presented before the State, PERC and DOP. Plaintiff's § 1985 claims may also be barred, as they do not allege that the conspiracy was motivated by a racial or class-based discriminatory animus. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Additionally, Plaintiff's request that the Court adjudicate its collective bargaining agreement dispute also appears to conflict with the required arbitration provision therein. Plaintiff's argument that the 1997 ordinance was void *ab initio* by the doctrine of legislative equivalency is also apparently invalid, as the ordinance was properly ratified and adopted on April 9, 1997. (Def.'s Reply Ex. A.).

---

End of Document                                      © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Travis M. Anderson, Esq. – 272682019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
Attorneys for Defendant,
    *NJ Transit Bus Operations Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SINOWA JOHNSON, | Hon. Karen M. Williams, U.S.D.J. |
|     Plaintiff, | Hon. Elizabeth A. Pascal, U.S.M.J. |
|     v. | Civil Action No. 1:25-02528 (KMW/EAP) |
| NJ TRANSIT BUS OPERATIONS INC. d/b/a/ NJ TRANSIT AND ATU LOCAL 880, | **ORDER** |
|     Defendants. | |

**THIS MATTER** having come before the Court on a motion by Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (Travis M. Anderson, Esq., appearing), appearing on behalf of Defendant, NJ Transit Bus Operations Inc. ("Defendant"), for an Order dismissing Plaintiff, Sinowa Johnson's ("Plaintiff") Complaint, with prejudice, for failure to state a claim and lack of subject matter jurisdiction, pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure; and the Court having considered the papers submitted in support of and in opposition to the motion; and upon good cause shown,

**IT IS** on this _____ day of _____, 2025

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint is hereby **GRANTED**; and it is further

**ORDERED** that Count One of Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that Count Two of Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that a copy of this Order shall be served upon all parties within ten (10) days of receipt hereof.

_____
HON. KAREN M. WILLIAMS, U.S.D.J.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Travis M. Anderson, Esq. – 272682019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
Attorneys for Defendant,
*NJ Transit Bus Operations Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SINOWA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NJ TRANSIT BUS OPERATIONS INC. d/b/a/<br>NJ TRANSIT AND ATU LOCAL 880,<br><br>    Defendants. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Elizabeth A. Pascal, U.S.M.J.<br><br>Civil Action No. 1:25-02528 (KMW/EAP)<br><br>**CERTIFICATE OF SERVICE** |

I certify that I caused a copy of a Notice of Motion, Brief, Declaration of Counsel, Exhibits, proposed form of Order, and Certificate of Service in the above-captioned matter to be electronically filed with the Clerk of the United States District Court for the District of New Jersey. I further certify that counsel of record has been served with a copy of a Notice of Motion, Brief, Declaration of Counsel, Exhibits, proposed form of Order, and Certificate of Service in the above-captioned matter via electronic filing.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ Travis M. Anderson*
Travis M. Anderson, Esq.

Dated: June 2, 2025