UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------X
SINOWA JOHNSON,

                       Plaintiff,

  -against-

NJ TRANSIT BUS OPERATIONS INC.
d/b/a NJ TRANSIT and ATU LOCAL 880,

                    Defendants.
-------------------------------------------------------------------X

Case No.: 1:25-cv-02528 (KMW) (EAP)

# PLAINTIFF'S COMBINED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND NJ TRANSIT'S MOTION TO STAY AND IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO ALTERNATIVELY STAY DECISION ON DEFENDANTS' MOTIONS TO DISMISS

**SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Sinowa Johnson*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 3

FACTS ........................................................................................................................................ 3

ARGUMENT ............................................................................................................................... 4

    I.    TITLE VII DISCRIMINATION CLAIM .......................................................... 6

        a.  THE COURT MAY EXERCISE JURISDICTION OVER WILDERNESS USA……………………………………………………………………………6

        b.  DEFENDANTS' CONDUCT WAS A CONTINUING VIOLATION OF TITLE VII……………………………………………………………………………..7

    II.    TITLE VII RETALIATION CLAIM ................................................................ 8

CONCLUSION ............................................................................................................................ 9

## PRELIMINARY STATEMENT

Plaintiff Sinowa Johnson (hereinafter "Plaintiff" or "Johnson") respectfully submits the instant combined memorandum of law in opposition to Defendants' NJ Transit Bus Operations Inc. d/b/a NJ Transit (hereinafter the "Employer" or "NJ Transit") and ATU Local 880 (hereinafter "Local 880" or the "Union") (the Employer and the Union collectively hereinafter the "Defendants") motion to dismiss for lack of subject matter jurisdiction, and Defendant NJ Transit's motion to stay.

Plaintiff opposes Defendants' motion to dismiss for lack of subject matter jurisdiction because there is a circuit split in authority as to whether the Employer is entitled to sovereign immunity based on its assertion that it is a public entity exempt from coverage under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"). Similarly, Plaintiff is not required to litigate her New Jersey Employer-Employee Relations Act ("EERA") claim before the Public Employment Relations Commission ("PERC") because her complaint gives rise to a common law duty of fair representation claim. As such, Defendants' motions to dismiss should be denied.

Plaintiff opposes Defendant NJ Transit's motion to stay because they fail to establish that denial of the stay would create a clear case of hardship or inequity. Further, their arguments that a stay would simplify the issues by eliminating the need for discovery is merely speculative, and presents a clear tactical disadvantage to Plaintiff. In light of the foregoing, Defendants' motions should be denied and this case should proceed.

## FACTS

Plaintiff worked as an operator for NJ Transit for nearly two (2) years, and was a dues-paying member of Local 880. See ECF Docket Entry 1 ¶¶ 4, 9, 17.

Despite Plaintiff's exemplary work performance, in or about May 1, 2024, NJ Transit sought to unjustly suspend Plaintiff for ten (10) days without pay. Id. ¶¶ 15, 19. Plaintiff was denied Union representation in her meeting with NJ Transit concerning this adverse employment action, and was terminated soon after seeking assistance from the Union regarding NJ Transit's conduct. Id. ¶¶ 20-23. The Union failed to take any action to grieve Plaintiff's termination, and subsequently dropped her grievance and failed to fairly represent her as is required under the law. Id. ¶¶ 24-25.

## ARGUMENT

**I.**     **Motion to Dismiss**

**a.     The Court has Subject Matter Jurisdiction over Plaintiff's Claims**

Defendants argue that federal question jurisdiction under 29 U.S.C. § 1331 does not exist, pursuant to the LMRA and NLRA. In support, they rely on statutory definitions of "employer", "employee," and "labor organization" under the LMRA and NLRA, under which they argue that NJ Transit is a political subdivision of the State exempt from suit. Local 880 argues that it is similarly exempt from suit under the LMRA and NLRA.

Although courts "have identified ... an array of multifactor and multistep tests" to assess whether sovereign immunity applies, Defendants fail to acknowledge a significant split of authority regarding whether sovereign immunity applies to a State-created entity like the Employer. See Brief for the States of Texas et al. as Amici Curiae in Support of Respondent at 2-3, Cedric Galette v. New Jersey Transit Corporation, No. 24-1021 (April 24, 2025)[1] (quoting Colt v. NJ Transit Corp., No. 72, 2024 WL 4874365, at *4 (N.Y. Nov. 25, 2024)).

---

[1] Galette is currently *sub judice* before the Supreme Court of the United States.

Notably, "[t]he Court of Appeals of New York and the Supreme Court of Pennsylvania reached opposite conclusions regarding whether NJ Transit is protected by New Jersey's sovereign immunity. Compare Colt, 2024 WL 4874365 (rejecting immunity) with Galette v. NJ Transit, No. 4 EAP 2024, 2024 WL 5457879 (Pa. Mar. 12, 2025) (upholding it)." See Brief for the States of Texas et al. as Amici Curiae in Support of Respondent at 12.

Colt involved an assessment of the following three factors – ""(1) how the State defines the entity and its functions, (2) the State's power to direct the entity's conduct, and (3) the effect on the State of a judgment against the entity" – and decided that the third factor outweighed the first two ("Balancing each consideration, we conclude that New Jersey's lack of legal liability or ultimate financial responsibility for a judgment in this case outweighs the relatively weak support provided by the other factors. Put simply, allowing this suit to proceed would not be an affront to New Jersey's dignity because a judgment would not be imposed against the State, and the entity that would bear legal liability has a significant degree of autonomy from the State"). See Colt at 5-7.

Here, Defendants' argument rests on the assumption that the Employer is a State of New Jersey or political subdivision employer and thus not an employer pursuant to the LMRA and NLRA. Although Defendants do not explicitly invoke sovereign immunity, their argument relies on the Employer's status as a State-created entity to assert immunity from suit. However, case law like Colt explains that regarding this Employer as a private entity, for jurisdiction purposes, does not actually impair state sovereignty.

While the Third Circuit decision relied on by Defendants is binding, where there is a circuit split (as there exists here), courts may look to other courts, including out-of-state decisions, for guidance, particularly when addressing novel legal issues. See Badalamenti v. Resideo Techs.,

Inc., 755 F. Supp. 3d 534, 542 (D.N.J. 2024); see also In re Roche, 582 B.R. 632, 636 (Bankr. W.D. Pa. 2018) ("It is a fundamental axiom of judicial interpretation and construction that the opinions of other sister jurisdictions are not binding precedent, but may be persuasive based on the facts and circumstances of the individual cases").

Applying this standard, this Court should deny the motion to dismiss because the Third Circuit cases upon which Defendants rely do not fully and adequately address whether federal courts have jurisdiction over a claim brought by an employee of NJ Transit, specifically. See Felice v. Sever, 985 F.2d 1221, 1225 (3d Cir. 1993) (suing Local 30); see also The Jones v. City of Atl. City, No. 07-CIV.-2405 (JEI), 2007 WL 4545898, at *2 (D.N.J. Dec. 19, 2007) (suing the City and the Union); see also Crilly v. Se. Pennsylvania Transp. Auth., 529 F.2d 1355, 1356 (3d Cir. 1976) (suing Southeastern Pennsylvania Transportation Authority (SEPTA) and Union).

Based on the foregoing, Defendants' arguments lack merit, and Plaintiff has properly established subject matter jurisdiction[2] pursuant to 29 U.S.C. §1331.

### b. **Plaintiff's EERA claims are not preempted by PERC**

Defendants also argue that the existence of New Jersey's PERC means that Plaintiff cannot bring her claim before this Court, as PERC has exclusive jurisdiction over New Jersey public sector labor law and protections. See N.J. Stat. Ann. § 34:13A-5.4; see also Hackensack v. Winner, 82 N.J. 1 (1980).

However, Defendants ignore case law which provides that the existence of the NJ PERC does not inherently preempt state law claims.

---

[2] Since subject matter jurisdiction exists, this Court is well within its discretion to exercise supplemental jurisdiction over Plaintiff's state law claim under the EERA.

For example, in <u>Farber v. City of Paterson</u>, "[t]he District Court concluded, and we agree, that PERC's 'exclusive power' to hear unfair practice claims would not preempt a [common law duty of fair representation] claim *at law*." See <u>Farber v. City of Paterson</u>, 440 F.3d 131, 143 (3d Cir. 2006). Given the law in <u>Farber</u>, Plaintiff respectfully submits that its Complaint should be construed to raise this claim. Alternatively, Plaintiff respectfully seeks leave from the Court to replead this claim.[3]

## II. NJ Transit's Motion to Stay Discovery Should be Denied

Defendant assesses the following four factors in its motion to stay – "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." – but do not accord them the proper weight. <u>See Clarity Sports Int'l LLC v. Redland Sports</u>, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (<u>citing Akishev v. Kapustin</u>, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (internal quotation marks omitted)).

Granting a stay in this would severely undermine the third factor in <u>Clarity</u>. Because Defendants have failed to raise any serious legal or factual issues that would warrant dismissal, a stay will not simplify the issues, but rather, will only delay resolution of claims that will indisputably proceed in any event. Accordingly, under the first factor, Plaintiff would be unduly prejudiced by a stay because Defendants' motion has little chance of success, and the delay would serve no purpose other than tactical delay. See <u>United States ex rel. Freedman v. Bayada Home Health Care, Inc.</u>, No. CV 17-6267 (ESK/AMD), 2024 WL 5245475, at *3 (D.N.J. Oct. 1, 2024)

---

[3] The retaliation claim under the EERA (Count Two of Plaintiff's Complaint) should accordingly be dismissed without prejudice to afford Plaintiff tolling pursuant to N.J. Stat. Ann. § 2A:14-28.

7

(quoting Actelion Pharms. Ltd. v. Apotex Inc., No. CIV. 12-5743 (NLH) (AMD), 2013 WL 5524078 (D.N.J. Sept. 6, 2013) ("'Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery only on a showing of 'good cause' by the party requesting the stay.' *Id.* at *2 (citations omitted). 'The power to stay proceedings 'calls for the exercise of judgment, which must weigh competing interests' and 'balance' the hardships with respect to the movant and non-movant." *Id.* at *3 (quoting Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); citing Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)). To obtain a stay of proceedings, 'the movant 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to [someone] else.' Id. (quoting Landis, 299 U.S. at 255)").

Here, NJ Transit has not met their burden as set forth in Actelion, particularly regarding hardship or inequity. Their argument that Plaintiff needs no discovery is speculative and distracts from the fact that they have failed to meet their own burden as the moving party. Elimination of discovery, which Defendant argues will simplify the issues, presents a clear tactical disadvantage to Plaintiff which undermines the first factor, especially in light of the fact that a stay would not serve to simplify the issues and the trial of this case.

**III.     Alternatively, this Court should Stay the Motions pending the Decision in Galette**

In Landis v. North American Co., the Supreme Court held that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." See 299 U.S. 248, 254 (1936). The High Court emphasized there that such discretion "must weigh competing interests and maintain an even balance." Id. at 255. While Defendants acknowledge this holding, they neglect to apply it to the relevant pending Galette case before the United States Supreme Court, which raises the same substantial legal issue as this case.

Rather than stay discovery from proceeding in this case (which request should be denied), this Court should instead issue a stay on deciding Defendants' motions to dismiss pending a decision in Galette. Doing so would greatly serve the interest of judicial economy and avoid inconsistent or premature rulings, which is precisely the type of consideration Landis instructs courts to weigh.

Much like this case, the legal issues at the heart of Galette surround whether NJ Transit is a public entity exempt from suit. See Cedric Galette v. New Jersey Transit Corporation, No. 24-1021. While the defendants in Galette argue that principles of federalism and sovereign immunity support a finding that NJ Transit is a State-created entity exempt from suit, the multifactor test applied by Colt v. NJ Transit Corp. encourages a more nuanced approach that considers the extent to which the state would bear financial responsibility for a judgment. See Brief for the States of Texas et al. as Amici Curiae in Support of Respondent at 2-3, Cedric Galette v. New Jersey Transit Corporation, No. 24-1021 (April 24, 2025).[4]

"'Courts ... will routinely stay matters pending a decision from a higher court in another case'", particularly when that decision "'may substantially affect or be dispositive of the issues in this case.'" Homa v. Am. Express Co., No. CIV.A. 06-2985 JAP, 2010 WL 4116481, at *3 (D.N.J. Oct. 18, 2010). To the extent the Court is inclined to grant Defendants' motion, it should stay proceedings pending the United States Supreme Court's decision in Galette.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss and NJ Transit's motion to stay should be denied, or, alternatively, Plaintiff's cross-motion to stay a decision on Defendants' motion to dismiss pending a decision by SCOTUS should be granted.

---

[4] Case currently pending before the Supreme Court of the United States.

Dated: Jamaica, New York
      September 22, 2025

Respectfully submitted,

**SAGE LEGAL LLC**

__/s/ *Emanuel Kataev, Esq.*___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorney for Plaintiff*
*Sinowa Johnson*