UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY – NEWARK VICINAGE

| | |
|---|---|
| SINOWA JOHNSON,<br><br>    Plaintiff,<br><br>v.<br>NJ TRANSIT BUS OPERATIONS, INC.<br>d/b/a NJ TRANSIT and ATU LOCAL 880,<br><br>    Defendants. | Case No.: 1:25-cv-02528 |

## DEFENDANT ATU LOCL 880 REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR DISMISSAL AND OPPOSITION TO PLAINTIFF'S MOTION TO STAY THE COURT'S DECISION ON THE MOTIONS TO DISMISS

Cohen, Leder, Montalbano & Connaughton, LLC
669 River Drive, Suite 125
Elmwood Park, New Jersey 07407
(908) 298-8800
*Attorneys for Defendant Local 880 ATU*

Paul A. Montalbano, Esq.
On the Brief

# TABLE OF CONTENTS

|  | Page |
|---|---|
| No Subject Matter Jurisdiction Exists............................................. | 1 |
| Sovereign Immunity.................................................................... | 2 |
| There Is No Basis To Apply Pendent or Supplemental Jurisdiction.......... | 3 |
| Confusion................................................................................. | 4 |
| Plaintiff's Request to Stay the Court From Ruling on the Motion to Dismiss Should be Denied.................................................................. | 4 |
| Conclusion................................................................................ | 5 |

# TABLE OF AUTHORITIES

|  | Page |
|---|---|
| Arbaugh v. V&H Corporation, 546 U.S. 500, 514 (2006)............................ 4 | |
| Felice v. Sever 985 F.2d 1221 (3d Cir. 1993).............................................. | 1 |
| Galette v. NJ Transit Corp., 2025 U.S. LEXIS 2657, 145 S. Ct. 2870, 2025 WL 1829160 (2025)…………………………………………….. | 3 |
| Galette v. NJ Transit, 332 A. 3d 776, 2025 Pa LEXIS 356, 2024 WL 5457879 (2025). | 3 |
| Jones v. City of Atlantic City, 2007 U.S. Dist. LEXIS 93144, 2007 WL 454898 (2007) | 2 |
| Mains v. Citibank, N.A., 852 F 3d. 669, 679 (7th Cir. 2017)…………………………….. | 3 |
| Nowak v. Iron Workers Local 6 Pension Fund, 81 F 3d. 1182, 188 (2d Cir. 1996)….. | 4 |
| Shrieves v. Philadelphia Facilities Management Corporation, 2020 U.S. Dist. LEXIS 230804, 2020 WL 7240450 (2020)…………………………………………… | 2 |

**Miscellaneous**

| | |
|---|---|
| N.J.S.A. Section 27:25-4…………………………………………………………… | 1 |
| 28 U.S.C.S. Section 1367………………………………………………………… | 3 |

The issue presented in the NJ Transit and Local 880 ATU Motion addresses the essential element of whether the Federal Court has subject matter jurisdiction. There is no question or legitimate challenge to the conclusion that NJ Transit is an instrumentality of the State of New Jersey, and as a public sector employer, employs public sector employees. N.J.S.A. Section 27:25-4 at subparagraph (a), in part, states: "The corporation is hereby constituted as an instrumentality of the State exercising public and essential and governmental functions, ...." There is also no question or legitimate challenge that Local 880, ATU, as the bargaining representative of this public employer's employees is a public sector labor union.

Plaintiff has plead that federal jurisdiction is based upon the National Labor Relations Act, even though this federal legislation pertains solely to private sector employers and employees. Plaintiff also asserts the Labor-Management Relations Act as a basis for subject matter jurisdiction, but this federal legislation also pertains solely to private sector employers and employees.

## NO SUBJECT MATTER JURISDICTION EXISTS

Any analysis of Plaintiff's "Combined Memorandum of Law in Opposition" results in the conclusion that it is completely devoid of any responsive opposition, or any explanation at all, of a legal basis for the existence of subject matter jurisdiction. Inexplicably, Plaintiff cites Felice v. Sever 985 F.2d 1221 (3d Cir. 1993) which involved a member of Local 30 Teamsters, which is a "labor organization" within the National Labor Relations Act ("NLRA") that represented these private sector employees who were employed by the private sector employer M.G., which was found to be an "Employer" within the meaning of the NLRA. Though the plaintiff employee in Felice sought to be hired as a public sector employee, the hiring process was never completed. So yes, as Felice was a private sector employee being employed by M.G., and Local 30 was a private sector labor organization, federal question jurisdiction was found to exist. For Plaintiff Johnson

1

to be able to prevail on federal subject matter jurisdiction, Johnson must plead sufficient facts that NJ Transit is a private sector employer and Local 880 is a private sector labor union, which of course Plaintiff cannot do as both NJ Transit and Local 880 are solely engaged in the public sector. Johnson has not met her obligation, neither in the Complaint nor in her Memorandum of Opposition.

Inexplicably, Plaintiff Johnson cites the Federal District Court case of Jones v. City of Atlantic City, 2007 U.S. Dist. LEXIS 93144, 2007 WL 454898 (2007). Shepardized efforts leads to the more recent case, Shrieves v. Philadelphia Facilities Management Corporation, 2020 U.S. Dist. LEXIS 230804, 2020 WL 7240450 (2020). The Jones and Shrieves cases involved a public sector employer and corresponding public sector union, both plead as defendants in an alleged breach of contract and duty of fair representation with the plaintiff asserting federal question jurisdiction under the NLRA Section 301. Each of the Courts had no difficulty stating that it was following Third Circuit precedent, that NLRA Section 301 does not pertain to public sector entities and labor organizations. The Motion in both Jones and Shrieves, which Motions are similar to Defendant Local 880 and Defendant NJ Transit's Motion for Dismissal under Rules 12(b)(1) and 12(b)(6) were granted. See Jones, supra at pg. 7 and Shrieves, supra pgs. 22-23.

## SOVEREIGN IMMUNITY

Admittedly, Defendant Local 880 had not contemplated that Plaintiff Johnson would push forth a question of whether sovereign immunity applies. Plaintiff argues that Defendant NJ Transit has not acknowledged the issue of sovereign immunity and that there is a split in Circuits on the issue of sovereign immunity. That is not an issue upon which Local 880 is required to respond. But frankly, there is no reason for NJ Transit to meaningfully reply as the sovereign immunity question that is being presented to the U.S. Supreme Court is whether NJ Transit has financial

immunity in a tort negligence action seeking money damages arising from a NJ Transit's bus operator allegedly causing a rear end accident with a motorist while traveling in the State of Pennsylvania. Galette v. NJ Transit Corp., 2025 U.S. LEXIS 2657, 145 S. Ct. 2870, 2025 WL 1829160 (2025) granting writ of certiorari, and Galette v. NJ Transit, 332 A. 3d 776, 2025 Pa LEXIS 356, 2024 WL 5457879 (2025).

Even casual review of NJ Transit's Motion to Dismiss reveals that it has not asserted any claims of sovereign immunity, and this fact has been admitted by Plaintiff in its Memorandum at page 5, paragraph 3.

### THERE IS NO BASIS TO APPLY PENDENT OR SUPPLEMENTAL JURISDICTION

There are very limited circumstances when federal courts have granted recognition of pendent or supplemental jurisdiction after it has been ruled that federal subject matter jurisdiction does not exist. If a court made a finding that original jurisdiction over at least one federal claim existed and then that claim was dismissed, leaving a state law claim remaining, the court is provided with discretion as to whether to grant pendent or supplemental jurisdiction. See 28 U.S.C.S. Section 1367. But, Plaintiff Johnson having failed to establish the existence of original subject matter jurisdiction, the Court is unable to even consider whether to exercise pendent or supplemental jurisdiction. If no federal claim is established to provide a basis for original jurisdiction, granting supplemental jurisdiction over related state claims is precluded. Mains v. Citibank, N.A., 852 F 3d. 669, 679 (7th Cir. 2017). Accordingly, any discretionary consideration of pendent or supplemental jurisdiction, as controlled by 28 U.S.C.S. Section 1367 is precluded.

Since a federal court must have original jurisdiction, if a dismissal pursuant to Rule 12(b)(1) is issued, a district court is precluded from exercising supplemental jurisdiction over

related state claims. Nowak v. Iron Workers Local 6 Pension Fund, 81 F 3d. 1182, 188 (2d Cir. 1996).

If the federal claims are dismissed solely on the basis of a failure to state a claim under Rule 12(b)(6), depending upon the basis for the Rule 12(b)(6) dismissal, the Court may be in a position to retain discretion to exercise supplemental jurisdiction over state claims. However, such discretion does not apply if the basis of the Rule 12(b)(6) dismissal is for lack of subject matter jurisdiction.[1] Arbaugh v. V&H Corporation, 546 U.S. 500, 514 (2006). As there is no original jurisdiction in the Sinowa Johnson matter, the Court is without discretion to consider a request for pendent or supplemental jurisdiction.

## CONFUSION

Plaintiff's Memorandum Table of Contents asserts argument in support of Title VII Discrimination Claim, claim of jurisdiction over "Wilderness USA" and that Defendants' conduct constituted a "continuing violation of Title VII," and a Title VII retaliation claim.

Defendant Local 880 has no ability to respond as the Complaint does not assert that Defendant Local 880 is alleged to have violated Title VII. Local 880 believes Plaintiff's Memorandum contains typographic error which was not recognized due to proofreading failure.

## PLAINTIFF'S REQUEST TO STAY THE COURT FROM RULING ON THE MOTIONS TO DISMISS SHOULD BE DENIED

Defendant ATU Local 880 maintains that original subject matter jurisdiction does not exist, and that a ruling on the Motions for Dismissal upon Rule 12(b)(1) grounds must never be delayed. An application for an Order of Dismissal under Rule 12(b)(1) is always ripe for decision.

Plaintiff contends that pending matter of Cedric Galette, supra will have a "direct impact or control the issues presented herein." Other than make such assertion, Plaintiff does not provide

---

[1] Defendant's Rule 12(b)(6) Motion has been asserted before a trial on the merits.

any explanation on how the limited sovereign immunity issue of the interstate tort action to be decided in the Galette would have any impact on Plaintiff Johnson's alleged breach of contract and duty of fair representation civil action. There can be no doubt that NJ Transit is an instrumentality of the State of New Jersey and that it is a public sector employer. These two uncontestable facts are what is relevant and controlling in Plaintiff's civil action. What is not involved is the issue of sovereign immunity in an interstate tort action. Importantly, Plaintiff fails to explain how the outcome of the Supreme Court's matter would impact the current consideration of the pending Rule 12(b)(1) Motions.

## CONCLUSION

For all of the above reasons, the Court should grant Defendant Local 880's Motion for Dismissal based upon a lack of original subject matter. Notably, granting the Motion would remove any need to further consider the Motion for Stay of Discovery.

Respectfully submitted,

By: _____
Paul A. Montalbano

Dated: September 26, 2025