

ATTORNEYS AT LAW
50 TICE BOULEVARD
SUITE 250
WOODCLIFF LAKE, NJ  07677

TELEPHONE  201-474-7100
FACSIMILE   201-474-7101
www.cmlawfirm.com

CALIFORNIA
FLORIDA
GEORGIA
INDIANA
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON

WRITER'S DIRECT ACCESS
201-474-7100
tanderson@cmlawfirm.com

September 29, 2025

**VIA ECF**
Hon. Elizabeth A. Pascal, U.S.M.J
United States District Court
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets, Courtroom 4A
Camden, New Jersey 08101

    Re:    **Johnson v. NJ Transit Bus Operations, et al.**
            **Docket No.: 1:25-02528- KMW-EAP**

Dear Judge Pascal:

This office represents Defendant New Jersey Transit Corporation ("NJT") in the above-mentioned matter.  Please accept this letter in lieu of a more formal opposition to Plaintiff's Cross-Motion to Stay the proceedings.

Plaintiff cross-moves for a stay of the proceedings pending the unrelated case of <u>Galette v. New Jersey Transit Corp.</u>, 145 S. Ct. 2870 (2025), currently pending before the U.S. Supreme Court.  NJT does not oppose a stay of the proceedings in this matter pending the outcome of Defendants NJT and Local ATU 880's motions to dismiss, however Plaintiff's cross-motion to stay the proceedings pending the outcome in <u>Gallette</u> must be denied.  Plaintiff argues that the <u>Galette v. New Jersey Transit Corp.</u>, 145 S. Ct. 2870 (2025), matter before the U.S. Supreme Court is

1

dispositive to a key issue in the instant case and, therefore, a stay is warranted. This is incorrect because Galette has no bearing on the issue before this Court.

As argued in Point I of NJT's Reply to Plaintiff's Opposition Brief to NJT's motion to dismiss, Gallette involves the limited issue of whether NJT is an arm of the state for the purposes of interstate sovereign immunity. See Def. NJT's Reply Br., at p. 2; see also Galette v. New Jersey Transit Corp., 145 S. Ct. 2870, (Mem)–2871 (2025). Sovereign immunity, however, is not a part of the argument before this court, which is that NJT is a "political subdivision" under the meaning of the NLRA and LMRA. This alone defeats Plaintiff's argument that the decision on the motions should be stayed pending the outcome of Galette.

Furthermore, as set forth in further detail in NJT's reply brief in support of its motion to dismiss, the two issues involve separate standards and the outcome of sovereign immunity ultimately does not affect whether an entity is a "political subdivision." Indeed, this Circuit has held that SEPTA – a similar transportation entity to NJT – is a "political subdivision" under the meaning of the NLRA and LMRA, but it is not entitled to sovereign immunity. See Def. NJT's Reply Br., at pp. 3-5; compare Crilly v. Se. PA Transp. Auth., 529 F.2d 1355, 1358 (3d Cir. 1976) (holding that SEPTA is a "political subdivision" under the NLRA and LMRA under the Natural Gas test) and Brown v. Se. Pa. Transp. Auth., CIV.A. 85-2202, 1985 WL 2793, at *2-3 (E.D. Pa. Sept. 19, 1985) (refusing to overturn Crilly and holding that the court lacks subject matter jurisdiction over NLRA and LMRA claims against SEPTA) with Cooper v. Se. PA Transp. Auth., 548 F.3d 296, 311 (3d Cir. 2008) (holding that SEPTA is not entitled to sovereign immunity). This further refutes Plaintiff's argument that the case must be stayed pending the decision on Gallette.

Notwithstanding the above, this Circuit previously held that NJT is a "political subdivision" within the meaning of the NLRA and LMRA in Pue v. New Jersey Transit Corp., 22-

2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023), which was attached to NJT's moving papers.  See Def. NJT's Mot. Br., **Exhibit B**.  The Court, relying on the decision in Crilly, 529 F.2d at 1358, found that NJT was a "political subdivision" similar to SEPTA.  Although the unpublished decision is not precedential, it is persuasive authority and this Court should join the decision in Pue.

Therefore, because the outcome of the Galette matter has no bearing on the outcome of the issue before this Court, a stay of the proceedings pending the decision is baseless and not warranted.  See, e.g., Actelion Pharm. Ltd. v. Apotex Inc., CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *5 (D.N.J. Sept. 6, 2013) (stating that where a dispositive motion is without merit, the court need not consider it in determining whether a stay is warranted).  For all of these reasons, Plaintiff's cross-motion to stay the proceedings pending the U.S. Supreme Court's decision in Galette should be denied.

## CONCLUSION

For all of these reasons set forth above, Plaintiff's cross-motion to stay should be denied.

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ *Travis M. Anderson*
Travis M. Anderson, Esq.