IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SINOWA JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NJ TRANSIT BUS OPERATIONS INC, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:25-cv-2528 (KMW-EAP)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on Defendant NJ Transit Bus Operations' ("Defendant NJT") and Defendant ATU Local 880's ("Defendant ATU") Motions to Dismiss (ECF Nos. 13, 24.) Plaintiff Sinowa Johnson ("Plaintiff") opposed these Motions and cross moved to Stay the case (ECF No. 29.) Defendant ATU replied (ECF No. 30), as did Defendant NJT (ECF No. 31.) The Court, having considered Defendants' respective Motions, the Opposition thereto, and Defendants' Replies, decides the Motions on the papers without oral argument pursuant to Local Rule 78.1; and

**WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); and

**WHEREAS**, to establish subject matter jurisdiction, a pleading must either present a

federal claim[1] or trigger the court's diversity[2] jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024); and

**WHEREAS**, here, Plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1331 pursuant to the National Labor Relations Act ("NLRA") and the Labor Management Relations Act ("LMRA"), as well as supplemental jurisdiction under 28 U.S.C. § 1367 for her claim under New Jersey's Employer-Employee Relations Act ("EERA");[3] and

**WHEREAS**, both Defendant NJT and Defendant ATU argue that this Court lacks subject matter jurisdiction because Plaintiff cannot properly bring claims against them under the LMRA nor the NLRA;[4] and

**WHEREAS**, the NLRA[5] defines "employer" as "any person acting as an agent of an employer, directly or indirectly" but explicitly excludes "any State or political subdivision thereof." 29 U.S.C. § 152; and

**WHEREAS**, "labor organization" is defined in the NLRA as "any organization of any kind…in which employees participate and which exists for the purpose, in whole or in part, of

---

[1] To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 n.2. (3d Cir. Feb. 16, 2024). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[2] To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy exceeding $75,000.00. *Gibson*, 2024 WL 658977, at *1 n.2.

[3] The Complaint alleges that Defendant NJT is "an employer as defined by the NLRA, EERA, and LMRA." (ECF No. 1 at ¶ 6) and that Defendant ATU is "a labor organization within the meaning of the New Jersey law and the LMRA." (ECF No. 1 at ¶ 7.)

[4] Defendant NJT argues that it is not an "employer" as defined by the Act (ECF No. 13-1 at p. 9), and Defendant ATU argues that it is not a "labor organization" as defined by the Act. (ECF No. 24-1 at p. 3.)

[5] The LMRA defines "employer", "employee", and "labor organization" by the definition set forth in the NLRA. *See* 29 U.S.C. § 142

dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." *Id*; and

**WHEREAS**, the Act defines "employee" as "any employee …but shall not include any individual employed…by any other person who is not an employer as herein defined." *Id*; and

**THE COURT FINDING** that, an "employer" within the meaning of the Act cannot be a State or a political subdivision of the State.[6] Therefore, an "employee" for purposes of the Act cannot be an individual employed by a State or a politicial subdivision of the State; and

**THE COURT FURTHER FINDING** that, under the Act, a "labor organization" must serve "employees" as defind by the Act, in dealing with an "employer" as defined by the Act. Therefore, under the Act, a "labor organization" cannot exist for the purpose of serving individuals employed by the State or a political subdivision of the State; and

**WHEREAS**, here, Defendant NJT was established "in the Executive Branch of the State Government" under N.J.S.A. § 27:25-4(a), and was "constituted as an instrumentality of the State exercising public and essential governmental functions." N.J. Stat. Ann. § 27:25-4(a); and

**WHEREAS**, Defendant NJT is governed by a thirteen member board that consists of the Commissioner of Transportation, the State Treasurer, a member of the Executive Branch to be selected by the Governor, eight public members who shall be appointed by the Governor, and two nonvoting board members appointed by the Governor as recommended by the labor organization. *Id*. at § 27.25-4(b); and

---

[6] Whether an entity constitutes a political subdivision depends on if it was "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate." *Crilly v. Se. Pennsylvania Transp. Auth.*, 529 F.2d 1355, 1358 (3d Cir. 1976) (citing *N. L. R. B. v. Nat. Gas Util. Dist. of Hawkins Cnty., Tenn.*, 402 U.S. 600, 604 (1971).)

**THE COURT FINDING** that Defendant NJT is a policitical subdivision of New Jersey;[7] and

**THE COURT FURTHER FINDING** that since Defendant NJT is a politicial subdivision of New Jersey, it is not an "employer" within the definition of the LMRA. Therefore, Defendant NJT's employees are not "employees" within the definition of the LMRA, and Defendant ATU cannot be considered a "labor organization" under the LMRA; and

**THE COURT FURTHER FINDING** that because these questions are treated as ones of jurisdiction, *Pue*, 2023 WL at *2 (citing *Crilly*, 528 F.2d at 1357), the Court is compelled to conclude that the Plaintiff cannot establish that the Court has federal question jurisdiction under the LMRA or the NLRA; and

**WHEREAS,** Plaintiff's remaining claim is a state law claim alleging a violation of the EERA;[8] and

**WHEREAS,** the Court cannot exercise supplemental jurisdiction over state law claims under § 1367 when the Court does not have original jurisdiction over a properly brought federal claim. *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 993 F. Supp. 271, 281 (D.N.J. 1998), *aff'd,* 168 F.3d 119 (3d Cir. 1999).[9]

---

[7] Indeed, the Third Circuit has previously held that Defendant NJT is a politicial subdivision that cannot be sued under the LMRA. *Pue v. New Jersey Transit Corp.*, No. 22-2616, 2023 WL 2930298, at *2 (3d Cir. Apr. 13, 2023).

[8] Defendant NJT and Defendant ATU both argue that the Public Employment Relations Commission ("PERC") has exclusive jurisdiction over Plaintiff's EERA claim, and therefore, even if the Court could exercise supplemental jurisdiction over this state claim, the Court would not have jurisdiction to adjudicate the EERA claim anyway. Plaintiff argues that the Court should construe her Complaint to bring a common law claim of violation of duty of fair representation, which PERC would not have exclusive jurisdiction over. However, the Court need not analyze the merits of these arguments because, as explained above, the Court cannot exercise supplemental jurisdiction over state law claims in this case.

[9] It is well settled that whether a federal court exercises supplemental jurisdiction over state law claims after all federal claims have been dismissed is at the discretion of the Court. *Talley v. Wetzel*, 15 F.4th 275, 282 (3d Cir. 2021); *Diaz v. Bullock*, 268 F. Supp. 3d 640, 659 (D.N.J. 2017). However, the Third Circuit has instructed that "absent extraordinary circumstances," supplemental jurisdiction over state-law claims "should be declined where the federal claims are no longer viable." *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir.

IT IS this \_\_\_ day of **January, 2026,** hereby **ORDERED**

A. Defendant NJT's Motion to Dismiss (ECF No. 13) is **GRANTED** in its entirety and all claims therein are **DISMISSED WITHOUT PREJUDICE;**

B. Defendant ATU's Motion to Dismiss (ECF No. 24) is **GRANTED** in its entirety and all claims therein are **DISMISSED WITHOUT PREJUDICE;**

C. Plaintiff's Motion to Stay (ECF No. 29) is **DENIED AS MOOT.**[10]

KAREN M. WILLIAMS
United States District Judge

---

1984) (internal quotation marks omitted); see also *Brumfield v. Atl. City Hous. Auth.*, No. 21-cv-16061, 2025 WL 227311, at *13 (D.N.J. Jan. 17, 2025) (remanding state-law claims after entering summary judgment on federal discrimination claims); *S.M. o/b/o B.M. v. Freehold Reg'l Sch. Dist. Bd. of Educ.*, No. 22-cv-107, 2024 WL 180827, at *15 (D.N.J. Jan. 17, 2024) (declining supplemental jurisdiction over NJLAD claims following summary judgment on federal claims), aff'd sub nom. *S.M. on behalf of B.M. v. Freehold Reg'l High Sch. Dist. Bd. of Educ.*, No. 24-1299, 2025 WL 1565359 (3d Cir. June 3, 2025). However, "[t]he power of the court to exercise pendent jurisdiction, though largely unrestricted, *requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court*." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).) (emphasis added.) As such, the Court must first have subject matter jurisdiction based on a federal claim before it can even consider whether to exercise supplemental jurisdiction. In this case, the Court has determined that it does not have subject matter jurisdiction pursuant to the LMRA. Therefore, the Court cannot exercise supplemental jurisdiction over the remaining state law EERA claim.

[10] When the court lacks subject matter jurisdiction over a case, it cannot hear any outstanding motions. *Cohen v. Sanks*, No. 23-1982, 2023 WL 5985190 at *4 (D.N.J. Sept. 13, 2023). As the Court has determined that it lacks subject matter jurisdiction over this case, it cannot hear Plaintiff's Motion to Stay the case, and the Motion must be denied as moot.